CLUETT et al. v. COUTURE.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. BILLS AND NOTES (§ 380*)—BONA FIDE PURCHASERS—POWER OF AGENT—DEPARTURE FROM AUTHORITY—EFFECT.

Where a principal granted full power to his agent to indorse checks in blank by writing the principal's name on the back without any restrictive words, but required him to deposit them in a bank to the credit of the principal, any departure by the agent from the authority was a mere diversion of a negotiable instrument from an authorized use, and, where a loss occurred, it must fall on the principal rather than on a bona fide holder for value without notice.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 993; Dec. Dig. § 380.*]

2. BILLS AND NOTES (§ 341*)—BONA FIDE HOLDER.

One taking negotiable paper for value before maturity without actual notice of any defect may assume that the relations to the paper of every party whose name appears on it are what they appear to be.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 829; Dec. Dig. § 341.*]

3. BILLS AND NOTES (§ 340*)—BONA FIDE HOLDER.

An agent with power to indorse checks in blank in his principal's name delivered a check so indorsed in part payment of expenses incurred while on business for the principal. The check was so dated that it could not have been indorsed by the principal. The person taking the check for the expenses and paying the balance had no reason to suspect that the agent's actual authority was limited by any requirement that, after indorsement, he should deposit the same in a bank. The principal paid the expenses of the agent. The agent when offering the check, which was for a small amount, stated that he was short of funds, and desired it cashed. *Held*, that the person taking the check was not put on inquiry, and was a bona fide holder for value, so that he was not liable to the principal because the agent misappropriated the proceeds.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 844; Dec. Dig. § 340.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Clinton County.

Action by Edmund Cluett and others against Arthur Couture. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

J. S. Shedden, for appellant.

C. J. Vert, for respondents.

HOUGHTON, J. The plaintiffs carry on the business of selling musical instruments under the style of Cluett & Sons, and have a number of branch stores throughout the country. One Poche was manager of the branch store at Plattsburgh, and his territory extended from Ticonderoga to Rouse's Point. He had general charge of the store and the making of the contracts for the selling of musical instruments, and was authorized to collect payments therefor in cash or checks. He was paid a salary, and had the right to deduct the expenses which he incurred while traveling in his territory upon the business of the firm from collections of money which he made. He also had authority to indorse checks payable to the firm for deposit in the First National Bank of Plattsburgh. In granting to him this authority, no particular form of indorsement was prescribed, and it appears to have been his custom to simply write "Cluett & Sons" across the back.

The defendant is a hotel keeper at Rouse's Point, and in May, 1908, Poche, the agent, while on business of his firm, stopped at the defendant's hotel overnight, and in the morning, when he was about to pay his bill, asked the defendant if he could cash a check of $60, as he was short of money. On the defendant assenting, he produced a check for that amount, which he had taken in payment of a claim due

the plaintiffs, payable to Cluett & Sons, which name he had indorsed on the back in blank. The defendant deducted the amount of the hotel bill, and gave the balance to the agent in money. The defendant knew that the plaintiffs were dealers in musical instruments with their main store at Troy and a branch store at Plattsburgh, and that Poche was their manager, but did not know his general or special authority and made no inquiry in that respect.

This action is brought for conversion of the check, and judgment has been awarded to the plaintiff, from which the defendant appeals.

The learned trial court, before whom the case was tried without a jury, found that Poche had no authority to indorse the name of Cluett & Sons on the check, or on any check, or other negotiable paper payable to them or their order, except for the purpose of deposit, and that all of the plaintiff's banking business was done at the First National Bank of Plattsburgh, N. Y., where such deposits were to be made. At the request of the defendant, he further found that, in taking the check and paying the money to the plaintiffs' agent, the defendant acted in good faith and without any information or knowledge that the agent did not have authority to use the check for the purpose and in the manner in which he used the same. The theory upon which judgment was rendered against the defendant was that the agent had no implied authority to transfer title to the check, and that his actual authority was confined to the indorsing of checks for the purpose of deposit, and that, therefore, he could not pass title by simple indorsement and delivery even to a bona fide holder.

I concur with the learned trial court in his conclusion that the facts would not warrant a finding of implied authority on the part of the agent, but it seems to me that the agent did have actual authority to indorse and thereby transfer title to the check to a bona fide purchaser without notice of any restrictions or knowledge of any facts putting him upon inquiry. The question is not whether the agent had general authority to transfer title to property belonging to his principals, but whether he had such authority as protects a bona fide purchaser of a negotiable instrument. Concededly the indorsement was not forged. There was no restriction upon the manner in which the agent should make the indorsement. He was given power to indorse, and his customary way was to write the name of Cluett & Sons on the back without further words, and this he had authority to do. If he had indorsed the check as he did, and had done the further thing of depositing it in the bank to plaintiffs' credit, he would have been strictly within his authority, and have carried out his instructions to the letter. But, after he had indorsed precisely as he was authorized to do, he departed from his instructions with respect to depositing and delivered the check to the defendant for full value. While plaintiffs granted full power to their agent to indorse checks in blank by writing their firm name on the back without any restrictive words, they restricted the use which he should make of the check after he had indorsed it by requiring him to deposit it in the bank to their credit. Any departure by the agent from such authority and instructions was a mere diverting of a negotiable instrument from an authorized use,

in which case it is not disputed the loss, if any, must fall on the principals of the agent guilty of the diversion, rather than on a bona fide holder for value without notice.

In Schmidt v. Garfield National Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed 138 N. Y. 631, 33 N. E. 1084, the authority given to the agent was not to indorse, but to use a rubber stamp which, when filled out, made it impossible to do other than deposit, and it was very properly held that such authority gave no right to indorse in blank by writing the name of the payee. Lack of authority, express or implied, to indorse was the basis of the decisions in People v. Bank of North America, 75 N. Y. 547, and in Robinson v. Chemical National Bank, 86 N. Y. 404. In Morris v. Hofferberth, 81 App. Div. 512, 81 N. Y. Supp. 403, and in Burstein v. Sullivan, 134 App. Div. 623, 119 N. Y. Supp. 317, the effect of payment of an indebtedness by check to a general manager was under discussion, and not simply the question of title to checks which they had transferred.

The rule laid down in Salen v. Bank of the State of New York, 110 App. Div. 636, 97 N. Y. Supp. 361, seems to me to be particularly applicable to the question involved. In that case the agent was manager for a foreign commission house, and was given power in writing to indorse their names to checks and drafts for deposit in a specified bank. Instead of depositing in the bank, the agent indorsed the firm name, followed by his own, and delivered them to a stock brokerage firm with whom he had an individual speculative account. The brokers deposited such checks with the defendant, which was sued for conversion. In an exhaustive and careful opinion Mr. Justice Clarke points out the fact that the agent, having authority to indorse, although coupled with a direction to make deposit in a particular bank, could by such indorsement transfer good title to a purchaser for value without notice, and held that no action would lie against the bank, although it received title through the brokers, against whom an action would lie because of the notice which was necessarily imputable to them arising from the circumstances under which they received the checks. The decision was concurred in by the entire court, and has neither been overthrown nor criticised, and would be identical with the case at bar if the action were against the Champlain Bank, in which defendant deposited the check in question.

If the view that Poche, the agent, had authority to indorse the plaintiffs' firm name in blank, and that his selling the check to the defendant, instead of depositing it in the bank, was a mere diversion be correct, then the only further question for consideration is whether the defendant had such notice as put him on inquiry respecting the agent's precise authority. While conceding that the defendant paid full value for the check, and that he had no actual notice of the limitation of the agent's authority, the respondent's counsel insists that the defendant was guilty of what is aptly termed "commercial bad faith" in not making further inquiry, because he knew that Poche was only manager of the Plattsburgh store, and was not a member of the firm of Cluett & Sons, to whom the check was payable, and had knowledge that their main store was at Troy.

It does not seem to me that these facts were sufficient to put the defendant upon inquiry. The agent was confessedly upon the business of the firm. He was a guest at the defendant's hotel, and away from home. Presumptively, and as it turned out in fact, his employers were paying his traveling expenses and hotel bills. He produced a check moderate in amount, payable to his firm, whose name was not indorsed in defendant's presence, but had been previously written and stated that he was short of funds and desired it cashed. There was nothing on the face of the transaction indicating that the agent desired the currency on the check for the purpose of appropriating it to his own use. The check was not used to pay his individual debt, as was the case in Rochester & C. T. R. Co. v. Paviour, 164 N. Y. 281, 58 N. E. 114, 52 L. R. A. 790, and in Ward v. City Trust Co., 192 N. Y. 61, 84 N. E. 585. One who takes negotiable paper for value before due, without actual notice of any defect, has the right to assume that the relations to the paper of every party whose name appears on it are precisely what they appear to be. Cheever v. Pittsburg, etc., R. R. Co., 150 N. Y. 59, 44 N. E. 701, 34 L. R. A. 69, 55 Am. St. Rep. 646; G. N. Bank v. State, 141 N. Y. 379, 36 N. E. 316; Dike v. Drexel, 11 App. Div. 77, 42 N. Y. Supp. 979. It is true that the check was payable to Cluett & Sons, and was dated the 13th day of May, and defendant purchased it the next morning before it could have been sent to Troy for indorsement by some member of the firm. This fact cannot defeat defendant because as matter of fact the agent did have authority to indorse the name of the payees on the back. While the defendant did not have the right to assume that Poche as manager of the branch store had implied authority to indorse checks payable to the firm and transfer them, he had no reason to suspect that his actual authority was limited by requirement that, after indorsement, he should deposit them in the bank. The plaintiffs placed a large and important business in the hands of their agent, and chose to give him power to indorse checks with a special restriction as to depositing after indorsement. For any dereliction on the part of the agent they should suffer rather than an innocent third party having no notice, and not being bound by law to make inquiry.

I think the defendant obtained good title to the check, and therefore was not guilty of conversion, and that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., dissenting.