THE STANDARD STEAM SPECIALTY COMPANY, Appellant, *v.* THE CORN EXCHANGE BANK, Respondent.

**Bills, notes and checks** — principal and agent — restrictive indorsement — authority to make a restrictive indorsement of checks to be deposited for a corporation does not authorize general indorsements — unauthorized indorsement a forgery and banks cashing checks so indorsed liable to owner of check.

1. One authorized to make a restrictive indorsement is not authorized to make a general indorsement. Any person taking checks made payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who indorses the same is without authority, unless the corporation is negligent or is otherwise precluded by its conduct from setting up such lack of authority in the agents.

2. A depositor who authorizes his clerk to take his checks to his bank for deposit does not vest in the clerk so dangerous a power as to preclude the depositor from setting up the lack of authority of the clerk if he indorses the depositor's name thereon in blank, and innocent persons cash the checks for him without inquiry.

3. Plaintiff had provided its stenographer with a rubber stamp with which to indorse checks for deposit as follows: "Pay to the order of the Greenwich Bank. The Standard Specialty Co." Her authority to indorse was limited strictly to the use of this stamp, to be followed by the words in her handwriting: "Percy H. Pinder, Treasurer," but she indorsed certain checks wholly in her own

handwriting with the words " Standard Steam Specialty Company, Percy H. Pinder, Treasurer," and also indorsed her own name thereon. The checks were then cashed for her, and she converted the money she thus obtained to her own use. Such indorsement was without authority, and, therefore, a forgery, and since no title passed thereby the bank is liable to the depositor.

*Standard Steam Specialty Co.* v. *Corn Exchange Bank*, 163 App. Div. 496, reversed.

(Argued March 29, 1917; decided April 24, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1914, which reversed an order of the Appellate Term reversing a judgment of the Municipal Court of the city of New York in favor of defendant and affirmed said Municipal Court judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Stevenson* for appellant. The indorsements of plaintiff's name on the checks in question were forgeries. (*Schmidt* v. *G. Nat. Bank*, 64 Hun, 298; 138 N. Y. 631.) The indorsements on the checks in question having been forged, neither the defendant bank nor any one other than the plaintiff could acquire title to them or their proceeds; and any collection or diversion from the plaintiff of such proceeds whether in good faith or not entitles the plaintiff to recover from the party making such collection. (L. 1909, ch. 43, § 42; *C. Nat. Bank* v. *I. & T. Bank*, 119 N. Y. 195; *Oriental Bank* v. *Gallo*, 112 App. Div. 360; 188 N. Y. 610.)

*John J. Halpin* for respondent. The defendant is not responsible to the plaintiff for the unauthorized diversion by the plaintiff's employee of the checks forming the basis of this action, and the indorsement of the plaintiff's name on said checks in the manner set forth in the stipulated statement of facts was not a forgery within the meaning

of section 42 of the Negotiable Instruments Law in so far as this defendant is concerned. (*Salem* v. *Bank of State of N. Y.*, 110 App. Div. 636.)

Pound, J. This is an action brought to recover the amount of eleven checks, aggregating $329.79, drawn to plaintiff's order by several of its customers on their banks. The checks were deposited in the defendant bank in the regular course of business under these circumstances: Plaintiff kept its bank account in the Greenwich Bank. It had provided its stenographer, Harriet Cohen, with a rubber stamp with which to indorse checks for deposit as follows: "Pay to the order of the Greenwich Bank. The Standard Specialty Co." Her authority to indorse was limited strictly to the use of this stamp, to be followed by the words in her handwriting: "Percy H. Pinder, Treasurer," but she indorsed these checks wholly in her own handwriting with the words: "Standard Steam Specialty Company, Percy H. Pinder, Treasurer," and also indorsed her own name thereon. The checks were then cashed for her, nine by one business man and two by another, who respectively deposited them to their credit in the defendant bank which collected them and paid out the proceeds to such depositors in the regular course of business. Harriet Cohen converted the money she thus obtained to her own use. The good faith of the defendant and of its depositors is conceded and it is not claimed that plaintiff was negligent.

The plaintiff contends that the indorsement on the checks was a forgery, that no title can pass through a forged indorsement, and that the defendant cannot retain the money. (Neg. Inst. Law, § 42; *Schmidt* v. *Garfield Nat. Bank*, 64 Hun, 298; 138 N. Y. 631; *Citizens' Nat. Bank of Davenport* v. *Importers & Traders Bank of N. Y.*, 119 N. Y. 195; *Oriental Bank* v. *Gallo*, 112 App. Div. 360; 188 N. Y. 610; *Seaboard Nat. Bank* v. *Bank of America*, 193 N. Y. 26.) The defendant, con-

ceding that if the point in issue is correctly stated by the plaintiff it can recover, contends that as Cohen had authority to indorse the checks the question is one of diversion of funds merely, that its title as an innocent holder was good and that an action for conversion will not lie against it. (*People* v. *Bank of North America*, 75 N. Y. 547; *Salen* v. *Bank of State of New York*, 110 App. Div. 636; *Cluett* v. *Couture*, 140 App. Div. 830; affd., 206 N. Y. 668.)

Cohen had no authority to indorse checks in blank. If plaintiff had given such authority to her with the intention that the checks when so indorsed might be used for a specific purpose only, such as deposit in the Greenwich Bank, the indorsement would not be made " without the authority of the person whose signature it purports to be " (Negotiable Instruments Law, § 42); her misconduct would be a breach of faith but not a forgery and the defendant bank would be justified in cashing the checks indorsed by her unless it might be said, if the question were raised, that the form of the checks indicated a method of doing business by plaintiff so far out of harmony with the custom of corporations of sufficient consequence to carry a bank account as to warn defendant that the checks had been diverted from the usual business channels. But Cohen had authority only to make a restrictive indorsement in order to create the Greenwich Bank the agent of plaintiff to collect the checks. One authorized to make a restrictive indorsement is not authorized to make a general indorsement. (*Exchange Bank* v. *Thrower*, 118 Ga. 433.) Any person taking checks made payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who indorses the same is without authority, unless the corporation is negligent (*People* v. *Bank of North America, supra*) or is otherwise precluded by its conduct from setting up such lack of authority in the agent as in *Phillips* v. *Mercantile Nat. Bank of N. Y.* (140 N. Y. 556).

31

If the original indorsement was authorized, the diversion of the funds after indorsement would not make it a forgery; but, if the original indorsement was unauthorized, parties dealing with the wrongdoer and innocent parties alike were bound to know the lack of the agent's authority to convey title away from the true owner to any one. Cohen had power to make deposits in the Greenwich Bank; she had no power to collect the checks or even to deposit them elsewhere for collection. She was a mere conduit through which the checks received by her employer passed to her employer's bank for collection. The right to indorse was a mere incident to the authority to deposit. Banking customs imply such authority to indorse *pro forma* from the right to make the deposit to the credit of principal's account, and it may fairly be said that the specific authority to place this restrictive indorsement on the checks added nothing to Cohen's authority to deposit the checks. The indorsement was a necessary and customary incident to the act of making such deposits. The business man who authorizes his clerk to take his checks to his bank for deposit does not vest in her so dangerous a power as to preclude him from setting up her lack of authority if she indorses his name thereon in blank and innocent persons cash the checks for her without inquiry. The stringent rules of agency and the arbitrary rules of the law of negotiable paper alike protect the principal from such unauthorized acts. If greater authority has been conferred, expressly or by implication, or if the principal has been negligent or has ratified the conduct of his agent, the law will not shield him; but here the facts are stipulated and the only question of law presented is whether the indorsement of the checks by the plaintiff's agent was without its authority and, therefore, a forgery. Precedent and the custom of merchants alike indicate that the transaction was not a mere diversion of funds, and it follows that the plaintiff may recover.

The judgment of the Appellate Division should be

reversed and the determination of the Appellate Term affirmed, with costs to appellant in Appellate Division and this court.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and ANDREWS, JJ., concur; MCLAUGHLIN, J., not sitting.

Judgment reversed, etc.