S. Brody Trading Corporation, Plaintiff, *v.* Manufacturers Trust Company, Defendant.

Federal Reserve Bank of New York, Defendant, Impleaded.

City Court of New York, New York County, June 23, 1932.

*John Bogart,* for the plaintiff.

*William J. McArthur* [*A. Douglas Shackton* of counsel], for defendant Manufacturers Trust Company.

*Rumsey & Morgan* [*John Tilney Carpenter* of counsel], for defendant Federal Reserve Bank of New York.

Wendel, J. The plaintiff was a depositor of the defendant Manufacturers Trust Company and made two checks payable to the Camden Burlap Co., Inc., for $615.91 and $1,000, respectively. Said checks were indorsed in the name of the payee by one Meyer Mackler, its treasurer. It is conceded that Meyer Mackler was authorized by the corporation (the payee) to indorse checks as its treasurer and to deposit them in the Camden Safe Deposit and Trust Company, which he failed to do. Mackler was also general manager of the Camden Burlap Co., Inc., and it appears that Mr. S. Brody, the president of the plaintiff, was also the president of the Camden Burlap Co., Inc., the payee in said checks. Afterwards the checks came into the hands of the Federal Reserve Bank through mesne indorsements and the defendant Manufacturers Trust Company paid the same to the Federal Reserve Bank of New York, which had guaranteed the indorsements and which was brought in as

liable over to the defendant Manufacturers Trust Company. The plaintiff claims the indorsement of the checks by Mackler in the name of the Camden Burlap Co., Inc., was a forgery and so alleges in its complaint. In the case of *Cluett* v. *Couture* (140 App. Div. 830; affd., 206 N. Y. 668) a check was cashed by the defendant which he received from the agent of the plaintiff, the check having been received in payment of an indebtedness by the maker to the plaintiff. The court said: " While plaintiffs granted full power to their agent to indorse checks in blank by writing their firm name on the back without any restrictive words, they restricted the use which he should make of the check after he had indorsed it, by requiring him to deposit it in the bank to their credit. Any departure by the agent from such authority and instructions was a mere diverting of a negotiable instrument from an authorized use, in which case it is not disputed the loss, if any, must fall on the principals of the agent guilty of the diversion rather than on a *bona fide* holder for value without notice." (See, also, *McCabe Hanger Manufacturing Co.* v. *Chelsea Exchange Bank*, 183 App. Div. 441; *Standard S. S. Co.* v. *Corn Exchange Bank*, 220 N. Y. 478.) In *Standard S. S. Co.* v. *Corn Exchange Bank* (*supra*) the principles of the case heretofore cited are reiterated by Judge POUND, who, amongst other things, said (p. 481): " Cohen had no authority to indorse checks in blank. If plaintiff had given such authority to her [its stenographer] with the intention that the checks when so indorsed might be used for a specific purpose only, such as depositing in the Greenwich Bank, the indorsement would not be made ' without authority of the person whose signature it purports to be (Negotiable Instruments Law, § 42);' her misconduct would be a breach of faith but not a forgery," etc. In the case at bar there is nothing in the form of the check or the indorsement to put the defendant on notice that Meyer Mackler was diverting the check, and the cases cited by the plaintiff do not apply, for they were cases where the officer indorsing in the name of the corporation deposited the checks to his personal account or indorsed them to his own order. The fact that on one of the checks the officer did not add his name and office after indorsing the same with the corporate name is of no import since there is no legal requirement that he do so. (*Van Norden Trust Co.* v. *Rosenberg*, 62 Misc. 285; *Youngs* v. *Perry*, 42 App. Div. 247.) My conclusion is that Mackler was guilty of a diversion, a breach of faith and not a forgery, and that his principals must bear the loss. Judgment directing verdict in favor of the defendant. Submit order on notice.