## INDUSTRIAL DEVELOPMENT & MFG. CORPORATION v. FIRST NAT. BANK OF PORTLAND.

District Court, D. Maine, S. D.

Feb. 12, 1936.

N. W. Thompson, of Portland, Me., for plaintiff.

Arthur D. Welch, of Portland, Me., for defendant.

PETERS, District Judge.

This is an action at law heard by me without a jury upon stipulation by the parties.

The action is assumpsit to recover $584.-23, the amount of a check received by the defendant bank under the following circumstances:

The plaintiff, a corporation doing business at Portland, had as its president and general manager and one of its directors one White, in whom it had confidence. The financial backer and treasurer of the corporation was Henry F. Merrill of Portland. The corporation was doing business with the government, selling machinery for submarines. In December, 1928, a check for $584.23, drawn by the Navy Disbursing Office on the Treasurer of the United States, payable to the order of the plaintiff, was mailed to it in Portland in payment of an account. The check came into the hands of White, then in active management of the business, and on December 14, 1928, indorsed by him, "Industrial Development & Manufacturing Corp., William C. White, president and manager." It was then indorsed by White personally, and on the same day deposited by him in the defendant bank to his own personal checking account which he then opened on that day with that deposit. Never, up to that time nor subsequently, had the plaintiff done any business or had any account with defendant bank. There were further deposits made to the credit of White's personal account, against which he drew from time to time for his own personal use until March 2, 1929, when the account was reduced to practically nothing and no further credits or deposits appear.

White left the employment of the plaintiff in 1931. The treasurer, Merrill, made inquiries of White from time to time as to why the account with the government was not paid (not knowing about the check), and for some time various excuses satisfied the treasurer until, some years later, inquiries made directly of the Navy Department first led the plaintiff to discover that the check had been received by the general manager in 1928 and used for his own benefit as described.

The president and general manager, White, had no authority, expressly or otherwise, nor under the by-laws, to use the check for his own benefit or otherwise than for the benefit of the corporation.

This suit against the bank to recover the amount of the check was begun January 28, 1935.

■ The defendant raises certain objections as to its liability, which I regard as without merit. The law is well settled in this state that a bank which participates in what is obviously a possible conversion of a check, under such circumstances, as described, does so at its own risk. American Lumber Sales Company v. Fidelity Trust Company, 127 Me. 65, 141 A. 102, is authority, and in that case the court, adopting the language of courts in New York (Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N.Y. 478, 116 N.E. 386, L.R.A. 1918B, 575) and Tennessee (Knoxville Water Co. v. East Tennessee Nat. Bank, 123 Tenn. 364, 131 S.W. 447), says:

"Any person taking checks made payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who indorses the same is without authority, unless the corporation is negligent * * * or is otherwise precluded by its conduct from setting up such lack of authority in the agent. * * *

"We think this is true, whether the employee so offering such checks be president, manager, treasurer, or any other officer or agent of an employing corporation. And we think a bank, which under these circumstances accepts such a deposit to the individual credit of an employee subject to his individual check and disposition in this way, has little ground upon which to urge that such an employee was thus acting within the apparent scope of his authority."

More recently in a case brought by this same plaintiff against another bank in Portland, involving similar transactions by the same individual, covering other checks indorsed and deposited to his personal credit in the same way, the case being heard by three justices of the Supreme Judicial Court, in an opinion rendered by them in July, 1935,[1] it was held: "The law of the case seems to be well settled. When a bank accepts a deposit of checks payable to a corporation and endorsed by an officer or employee thereof for deposit to his individual credit and opens an individual account for him, subject to withdrawal by his personal check, it does so at its peril to ascertain whether the agent of the corporation has authority to transfer the paper by endorsement and deposit to his personal account. If the agent has no such authority, title to the money represented by the checks does not pass to the bank; and if it receives it, it does so without authority and must account and make payment to the corporation which is the owner."

This is also in accord with the leading case of Wagner Trading Co. v. Battery Park Nat. Bank, 228 N.Y. 37, 126 N.E. 347, 9 A.L.R. 340, in which it is held that any person taking checks made payable to a corporation does so at its peril and must abide by the consequences if an agent who indorses the checks is without authority.

■ Of course, a corporation may be precluded by its negligence or otherwise by its conduct from setting up such lack of authority, but in this case I find nothing to prevent the plaintiff from asserting its rights in that respect.

The defendant, however, sets up the statute of limitations as a bar to this action. The Maine statute (Rev.St.1930, c. 95, § 90, subd. 4) provides that "actions of account, of assumpsit or upon the case, founded on any contract or liability, express or implied," shall be commenced within six years after the cause of action accrues.

If this cause of action accrued when the check was accepted by the bank and the proceeds given to the individual White, then more than six years elapsed before suit was brought.

The plaintiff's answer to this contention is that the cause of action did not accrue until demand was made on the bank.

The plaintiff's position is that the title to the money in the bank was always in the Industrial Development & Manufacturing Corporation, the plaintiff, and that the relation of banker and depositor automatically existed between the plaintiff and defendant when the money was deposited, and that the statute of limitations does not run in favor of a defendant bank holding a deposit until after demand for the deposit and refusal to pay by the bank.

■ There is no question about the proposition of the plaintiff, well supported by authorities he has cited and others, that the agreement of a bank to pay its depositor is not to pay absolutely and immediately, but when payment shall be required at the banking house. Such are the terms of the

---

[1] Opinion is merely a report by three Justices acting as referees.

contract implied in the transaction between the depositor and the banker. The contract is not that the bank shall go after its customer, wherever he may be found, and return his money. The money is not due until demand is made, and the depositor has no cause of action until after demand.

But the plaintiff here was not the depositor. The money was not to its credit, but was taken by the bank and placed to the credit of another, not the payee or owner, and that is the thing the plaintiff complains of.

This is an action of assumpsit, but it is really for a conversion of the check and its proceeds. The tort is waived, but nevertheless it is the foundation of the action. There never was any contractual relation between the plaintiff and the bank. The relation of banker and depositor never existed between the defendant bank and the plaintiff.

The bank undertook to exercise dominion over this check, to the exclusion of the rights of the owner. The unauthorized act of ownership by taking the proceeds and giving the money to another, being in contravention of the owner's rights, was a conversion. It did not require demand to make it a conversion, because there was never any original lawful possession or title in the bank. The bank saw on the face of the check that it belonged to a person other than White, and did not require any further notice of that fact. It could easily have avoided participation with White in the conversion by making inquiries either at the time the check was presented or thereafter before the money was paid out.

It was not a case of money being once deposited by one person and later withdrawn by another without authority. The money never was in the rightful possession of the bank, and it never had title to it. Its possession was wrongful from the beginning. A demand and refusal could not make it any more wrongful. A demand and refusal would be evidence of conversion, but no further evidence of conversion is necessary here than the agreed statement of the actual facts.

"It is the general rule that, where some other independent act of conversion can be shown, there is no necessity for a demand for personal property by the person claiming ownership or right to possession, and a refusal by the original taker thereof to deliver it, in order to show a conversion of the property. This is because a demand and refusal are ordinarily treated as merely evidence of conversion, making a prima facie case, and becoming conclusive if not rebutted or explained. Since a demand and refusal is but one means of showing that there has been a conversion, it is not necessary when there has been a wrongful taking, * * * a wrongful transfer or sale of the property by defendant, retention of money which it was defendant's duty to pay the plaintiff, * * * assumption of ownership by the possessor, or any exercise of dominion and control over the property inconsistent with the rights of the owner." C.J. vol. 65, p. 42.

As the cause of action accrued more than six years before the date of the writ, the plea of the statute of limitations seems to be a complete bar to the action, and it follows that judgment must be given the defendant, with costs.