## TENNANT FINANCE CORPORATION v. MARYLAND CASUALTY CO.

No. 5840.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1936.

G. A. Spencer and Frank H. Bryan, both of Chicago, Ill. (Howard B. Hauze and Charles F. Pattlock, both of Chicago, Ill., of counsel), for appellant.

J. F. Dammann and George Fiedler, both of Chicago, Ill. (Wilson & McIlvaine, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

Tennant Finance Corporation sued Maryland Casualty Company on an insurance contract indemnifying insured against loss on account of certain forged instruments. From a judgment in favor of the insurer, the insured appeals.

The insurance contract was called a "Combined Depositors-Commercial Forgery and Alteration Policy" and provided that appellee would indemnify appellant against any loss which might be sustained through the payment by the in-

sured *"of any draft or any other written direction or order to pay a sum certain in money directed to or drawn upon or against the insured upon which the signature of the maker or· drawer or any endorser thereof shall have been forged."* Appellant was engaged in the purchase of notes secured by chattel mortgage on automobiles and during the life of the policy purchased notes so secured to the extent of $6,615.87 on which the signatures had been forged. Twenty-three separate transactions were involved, all substantially similar but involving different amounts. As typical of all of them it was stipulated that on August 12, 1932, one B. K. Evans forged or caused to be forged the name of W. J. Sala to a certain note and chattel mortgage for the sum of $442 and to a certain other document, hereinafter called the "forged instrument," which is in the following language:

"Chicago, Ill., Aug. 12, 1932.
"Tennant Finance Corporation:
· "I have today executed a certain mortgage to B. K. Evans (Dealer) on one automotive vehicle described as follows: Make Packard Car No. 286907 Motor No. 287009 Type Sedan to the amount of $442.00, and request that you purchase this note for my account.

"I further declare and warrant that no representations whatsoever have been made by you to me regarding said automotive vehicle especially as to its condition, model, style, year and when built, and I hereby release you from any claim that I may have against the above mentioned dealer growing out of any representations that may have been made to me. I further declare and warrant that the above described automotive vehicle will at no time be used for the carrying of spirituous liquors. I further declare and warrant that the above described automotive vehicle will be used for pleasure and/or business purposes only, excluding the carrying of passengers for a consideration.

"In consideration of my receiving from you financial service on the purchase of said automotive vehicle, I agree that I shall not make any claim for any refund whatsoever providing I shall sell the car previous to one year from date hereof, and I hereby specifically waive and release you from any such claim. ·
"x W. J. Sala [Seal.]
"Witness 45556 (Purchaser Sign Here)"

It is this "forged instrument" that is relied upon by insured to bring it within the terms of the policy. ·

These forged documents were brought by Evans, a broker, to appellant who, relying upon the signatures as genuine, purchased the note and mortgage, paying Evans therefor the sum of $367.50.

The question for determination is whether these facts bring the insured within the terms of its· insurance contract.

Appellant concedes that the forgery of the note and mortgage are not covered by the policy but asserts that the "forged instrument" is such a "written direction or order" as is defined in the indemnity clause of the contract, and that its payment of the sum of $367.50 to Evans, relying thereon, brings it within the terms of the policy.

If the insured is to recover it must do so on the theory that the "forged instrument" is an "order" for the payment of a "sum certain" in money. Appellant argues that whatever may be its form its legal effect was an order or direction to pay out money, and it, having described a note and chattel mortgage in the amount of $442 and requested the purchase of the same, should be held to be an "order" for the payment of a "sum certain." He asserts that so far as the effect on the maker of the note was concerned, his obligation was fixed and certain in the amount of $442, and the fact that the insured paid to Evans only the sum of $367.50 is immaterial.

We are unable to accept this reasoning for we believe that the "forged instrument" was neither an "order" for the payment of money as contemplated by the insurance contract nor did it direct the payment of a "sum certain." Webster defines "order" as "the direction by which the payee or holder of negotiable paper prescribes to whom payment shall be made,. a mandate." The instrument here relied upon was little more than a letter to the insured informing it of certain facts and inviting it to become the purchaser of the note and mortgage. It also contained warranties and representations designed to bar certain defenses that might afterwards be interposed in a suit on the note. While a "request" might under some circumstances be construed to attain the dignity of an "order," we think no such meaning is to be accorded the word under the circum-

stances here present. The insured might or might not act upon this request and if it did so act the amount to be paid by it was a subject of legitimate bargaining and was in no sense a "sum certain," but on the contrary was highly uncertain. The fact that the note was for a sum certain does not bring it within the language of the policy. We are not concerned with the sum that the maker of the note might be called upon to pay but with the sum that might be paid out by the insured upon a forged signature. This was the contingency insured against.

■ We are referred to many cases supporting the well-recognized principle that the language of an insurance contract, having been placed therein by the insurer is, in the event of ambiguity to be construed most strongly against the insurer. Neither the soundness or justness of this canon of construction can be questioned, but it affords no justification for reading into a contract of insurance a meaning plainly unintended. Bergholm et al. v. Peoria Life Insurance Company, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416.

■ We think there was no ambiguity in the policy before us and its terms are to be construed in their plain, ordinary and popular sense. So construed the loss suffered by appellant was plainly outside the purview of its policy. The judgment of the District Court was right.

Affirmed.