## FITZGIBBONS BOILER CO., Inc., v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

### No. 207.

Circuit Court of Appeals, Second Circuit.
June 30, 1939.

Wright, Gordon, Zachry & Parlin, of New York City (Paul W. Williams and Edward K. Hidalgo, both of New York City, of counsel), for appellant.

Hannon & Evans, of New York City (Jerome T. Nolan, of New York City; of counsel), for appellee.

Before SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complaint sets forth two causes of action to recover the sum of $5,000 upon a policy of insurance issued by the defendant to the plaintiff known as a "Depositors' and/or Commercial Forgery Policy, Revised."

By the policy the defendant agreed during its term to indemnify the plaintiff against any losses to an amount not exceeding $5,000 sustained by the latter through its payment of "any check * * * or any other written promise, order or direction to pay a sum certain in money, made or drawn by * * * or purporting to be made or drawn by" plaintiff or any authorized representative of plaintiff, upon which the signature of plaintiff as maker or drawer was forged.

The first cause of action is to recover upon certain payment vouchers which one Anthony T. Miano, an assistant treasurer of the plaintiff having general authority to approve vouchers for legitimate transactions, had issued with intent to defraud the plaintiff and to misappropriate its funds in the amounts designated therein. In this cause of action it is alleged that checks were fraudulently drawn pursuant to these vouchers without the authority of the plaintiff and paid by the banks on which they were drawn. The defendant moved to dismiss this cause of action and its motion was properly granted. We can see no basis for treating these vouchers as directions for the payment of money on which recovery may be had. We think that they were nothing more than business memoranda to be followed by the checks on which the second cause of action is founded and were only steps leading to the delivery of those checks. See Tennant Finance Corp. v. Maryland Casualty Co., 7 Cir., 86 F.2d 789, 790.

The second cause of action is to recover upon six checks of the plaintiff, five of which are alleged to have been signed by Paul K. Addams as assistant secretary and by Anthony T. Miano as assistant treasurer, and one by Homer Addams as president. These checks were presented by Miano to Paul K. Addams and Homer Addams respectively for signature by them as officers of the company and each check was accompanied by a pay voucher fraudulently issued by Miano, who stated to the officer that it represented a legitimate transaction, whereas it in fact did not. Miano also represented that the checks were executed with the authority of the plaintiff and were issued for a legitimate transaction, though neither representation was true. The checks were presented and in case of five of them signed by Miano with an intent to deceive and to misappropriate the proceeds, and were paid by the banks on which they were drawn and the proceeds were converted by Miano to his own use.

There is no allegation that any of the signatures appearing on either the payment vouchers or on the checks was not the genuine signature of the officer of the plaintiff making the same.

The defendant moved to dismiss the complaint because it did not state facts sufficient to constitute a cause of action. The motion came on before Judge Leibell, who filed an opinion granting the motion on the ground that "the facts alleged in the complaint do not show that the corporate signature was 'forged' to the vouchers or to the checks within the meaning of the policy."

From the order of the District Court dismissing the complaint and the judgment entered thereon the plaintiff has appealed. We think that the judgment should be affirmed.

■■ The question raised by the appeal is whether the signatures of the checks were "forged" within the meaning of that term as used in the policy of insurance. The answer to this question depends on the New York law. In construing the meaning of "forgery" the New York courts apparently refer to the criminal law in general rather than to a particular local statute. International Union Bank v. National Surety Co., 245 N.Y. 368, 372-374, 157 N.E. 269, 52 A.L.R. 1375. See Dexter Horton Nat. Bank v. United States F. & G. Co., 149 Wash. 343, 270 P. 799, 800.

In People v. Goldinger, 272 N.Y. 634, 5 N.E.2d 368, the defendant fraudulently represented that a deed executed by one Catharina C. Wilmerling purporting to convey certain premises in Brooklyn was a mortgage. Her signature, though obtained by that false representation, was itself genuine. Under those circumstances it was held that there was no forgery. A prior decision of the Court of Appeals of New York in People v. Underhill, 142 N.Y. 38, 36 N.E. 1049, relied on in People v. Goldinger, supra, is to the same effect. It seems to follow from the foregoing authorities that the signatures to the checks in so far as they were by Paul K. Addams and Homer Addams were not forgeries. See Wharton, Criminal Law, 12th Ed., §§ 881 and 909.

■ It is contended by the appellant that when Miano signed the five checks for the purpose of converting the proceeds to his own use he acted without authority and thus committed forgery. We think that the authorities negative such a result. In Article 6 of the complaint, which is applicable to both causes of action, it is alleged that Miano in his capacity as assistant treasurer in charge of credits and collections "had authority to issue or cause to be issued and to sign in his capacity as assistant treasurer * * * checks of plaintiff, on which the name of plaintiff appeared, in connection with valid and legitimate transactions into which plaintiff should enter and in discharge of valid and legitimate obligations which plaintiff should incur." Such a general power to execute contracts on behalf of the corporation would seem to prevent the possibility of forgery in a case like the present.

■ In International Union Bank v. Nat. Surety Co., 245 N.Y. 368, 372, 157 N.E. 269, 271, 52 A.L.R. 1375, Judge Lehman said that the cases hold that "the test of forgery is whether a person has falsely and with purpose to defraud made a writing which purports to be the act of another." We believe that the general rule, as well as the New York decisions, is in accord with this statement. See Goucher v. State, 113 Neb. 352, 204 N.W. 967, 41 A.L.R. 227, 229; 2 Bishop, Criminal Law, 9th Ed., § 582.

In Mann v. People, 15 Hun 155, affirmed, 75 N.Y. 484, 31 Am.Rep. 482, a county treasurer issued a note payable to bearer under his signature as treasurer. He had no authority to make or issue the instru-

ment. The General Term of the Supreme Court held, per Learned, P.J., that both under general rules of criminal law and under the New York statute then in force an instrument purporting to be executed by one as agent of a principal therein named was not forged, though the agent in fact had no authority to execute it. It distinguished the decisions holding that one may be guilty of forgery who signs the name of another having the same name as himself (see People's Trust Co. v. Smith, 215 N.Y. 488, 109 N.E. 561, L.R.A. 1916B, 840, Ann.Cas.1917A, 560), and those decisions holding it a forgery to fill in blanks or insert false dates in an instrument without authority. People v. Graham, 6 Parker Cr.R. 135; People v. Dickie, 62 Hun 400, 17 N.Y.S. 51.

 We do not have to consider the New York commercial cases holding that a principal is not bound by the endorsement of a negotiable instrument by his agent where the authority of the agent to endorse is limited. Wagner Trading Co. v. Battery Park Bank, 228 N.Y. 37, 126 N.E. 347, 9 A.L.R. 340; Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N.Y. 478, 110 N.E. 386, L.R.A.1918B, 575; Schmidt v. Garfield Nat. Bank, 64 Hun 298, 19 N.Y.S. 252, affirmed, 138 N.Y. 631, 33 N.E. 1084. Some of these cases give as a reason that the unauthorized endorsement was forged, but the same result would have followed from a holding that the agent was without real or apparent authority. Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N.Y. 478, 116 N.E. 386, L.R.A.1918B, 575. Where, as here, the agent had a general authority to sign for the principal, the rule in the commercial cases is that the principal is bound, and hence that there is no forgery. Standard Steam Specialty Co. v. Corn Exchange Bank, 220 N.Y. 478, 481, 116 N.E. 386, L.R.A.1918B, 575; McCabe Hanger Mfg. Co. v. Chelsea Ex. Bank, 183 App. Div. 441, 170 N.Y.S. 759; Cluett v. Couture, 140 App.Div. 830, 125 N.Y.S. 813.

The plaintiff especially relies on Quick Service Box Co. v. St. Paul Mercury Indemnity Co., 7 Cir., 95 F.2d 15, and Ex parte Hibbs, D.C., 26 F. 421. But those authorities so far as they are not distinguishable on the facts represent a minority view which we think is offset by the New York cases we have referred to and by the following persuasive decisions from other jurisdictions: Reg. v. White, 2 Cox C.L.C.

210; Commonwealth v. Baldwin, 11 Gray 197, 71 Am.Dec. 703; Commonwealth v. Foster, 114 Mass. 311, 320, 19 Am.Rep. 353; State v. Young, 46 N.H. 266, 88 Am. Dec. 212; Goucher v. Nebraska, 113 Neb. 352, 204 N.W. 967, 41 A.L.R. 227; Dexter Horton Nat. Bank v. United States F. & G. Co., 149 Wash. 343, 270 P. 799. See also authorities collected in Goucher v. State, 113 Neb. 352, 204 N.W. 967, 41 A.L.R. 227, 229.

Our reasons for holding the second cause of action insufficient also furnish additional grounds for the disposition we have made of the first cause of action.

Judgment affirmed.

NOTE: Judge MANTON sat at the argument of this appeal but resigned before the opinion was written.