INTERNATIONAL UNION BANK, Appellant, v. NATIONAL SURETY COMPANY, Respondent.

**Insurance — banks and banking — forgery — policy insuring bank against loss through payment of forged checks — bank may recover for loss through paying to depositor checks drawn by him on other banks under assumed names.**

A bank insured against loss through the payment of forged checks may recover on its policy the loss arising by its paying to one of its depositors the amount of two checks drawn by him to his own order on two other banks where he had had accounts under different names and signed by him with the names by which he was known at those banks. The credit was not given wholly to the depositor but upon the faith of instruments purporting to be those of third parties. Through the assumption by the depositor of other names, the plaintiff bank was led to believe that the checks were what they purported to be: instruments drawn by one person in favor of another. The instruments were falsely made, for they purported to bind persons other than the person who made them. They were, therefore, forgeries under the common law and under the statutes of this State.

*International Union Bank* v. *National Surety Co.*, 217 App. Div. 102, reversed.

(Submitted May 10, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment, entered July 15, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a determination of the Appellate Term which affirmed a judgment of the Municipal Court of the City of New York in favor of plaintiff and directing judgment in favor of defendants.

*Arthur Moritz* and *Morris Hillquit* for appellant. The checks upon the faith of which the plaintiff established a credit to " George D. Wagner " were forged checks within the popular acceptance of the term, the definitions of common law and the meaning and intent of the defend-

ant's bond. (*People* v. *Filkin,* 83 App. Div. 589; 176
N. Y. 548; *Marden* v. *Dorthy,* 160 N. Y. 39; *People* v.
*Shanley,* 132 App. Div. 821; *Matter of Cross,* 43 Fed.
Rep. 420; *People* v. *Cady,* 6 Hill, 491; *Commonwealth* v.
*Costello,* 120 Mass. 370; *State of Oregon* v. *Wheeler,* 20 Ore.
192; *Brown* v. *People,* 8 Hun, 562; 72 N. Y. 571; *United
States* v. *Turner,* 7 Pet. 132.)    Even if the definition of
forgery in the Penal Law be applied to the clause in the
defendant's bond sued upon, the facts herein make out a
complete case of statutory forgery. (*Nat. Surety Co.* v.
*Nat. City Bank of Brooklyn,* 184 App. Div. 771; *People*
v. *Brown,* 118 App. Div. 793; 189 N. Y. 528; *People* v.
*Warner,* 104 Mich. 337; *State of Oregon* v. *Wheeler,* 20
Ore. 192; *People* v. *Jones,* 106 N. Y. 523; *Shipman* v.
*Bank of the State of New York,* 126. N. Y. 318.)

*Sidney J. Loeb* for respondent.    The checks which were
deposited with the plaintiff were not forged and, therefore,
gave rise to no liability on defendant's bond, which
applied only to forgeries. (*Hartford* v. *Greenwich Bank,*
157 App. Div. 448; 215 N. Y. 726; *Holub-Dusha Co.* v.
*Germania Bank,* 164 App. Div. 279; *Nat. Surety Co.* v.
*Nat. City Bank,* 184 App. Div. 771; *Strang* v. *Westchester
County Nat. Bank,* 235 N. Y. 68; *De Witt* v. *Walton,*
9 N. Y. 574; *David* v. *Williamsburgh City Fire Ins. Co.,*
83 N. Y. 265; *Anderson* v. *Dundee State Bank,* 66 Hun,
613; *Graves* v. *Bank,* 17 N. Y. 205; *Rosenthal* v. *American
Bonding Co.,* 207 N. Y. 162.)

Lehman, J.    The defendant issued to the plaintiff
bank a policy of insurance against " any loss through the
payment, whether received over the counter or through
the clearing house, or by mail, of forged or raised checks
or (genuine) checks bearing forged indorsements or the
establishment of any credit to any customer on the faith
of such checks." Thereafter one George D. Wagner

24

opened an account with the plaintiff bank. On the 11th day of February he had a credit balance of three hundred and fifty dollars. On that day he presented to the plaintiff bank two checks for four hundred dollars each. They were drawn to his order and were indorsed by him. One, drawn on the Chatham & Phenix Bank, purported to be made by one Charles G. Weber; the second, drawn on the Yorkville Bank, purported to be made by one Charles F. Viets. In fact these checks were made and signed by George D. Wagner, to whose order they were drawn. The plaintiff bank believed these checks to be genuine and established a credit for the amount of the said checks in favor of George D. Wagner, and George D. Wagner thereafter drew from his account the sum of $800. The checks upon the faith of which the credit was established were duly presented to the banks upon which they were drawn. The check drawn on the Chatham & Phenix National Bank was returned because the drawer had no account in that bank; the other check was returned unpaid because the drawer had not sufficient funds in his account to meet the check. George D. Wagner has refused to repay to the plaintiff bank the money he drew under the credit established on the faith of the two unpaid checks. For the consequent loss, the plaintiff claims in this action indemnity under the defendant's policy of insurance.

There is no dispute between the parties as to the circumstances under which the loss to the plaintiff occurred. Many of the facts were expressly stipulated. The sole question is whether the checks upon the faith of which credit in favor of the depositor was established were " forged " checks or checks bearing " forged " indorsements, within the meaning of the policy of insurance. Only for loss suffered through such checks did the defendant agree to provide insurance. Here it appears that one man established accounts in three different banks under three different names. At the plaintiff bank he was known as George D. Wagner; at the Chatham & Phenix Bank

he was known as Charles D. Weber; at the Yorkville Bank he was known as Charles F. Viets. The checks drawn on the three banks were signed by the same man and in the same handwriting. In each case the signature was the same as that on file with the bank upon which the check was drawn. Doubtless in each case the bank would have paid the check upon presentment if there had been sufficient funds in the account of the man known to the bank by the name signed to the check. As between the signer of the checks and the bank upon which the checks were drawn, the checks were unquestionably effective as authority to the bank to pay out moneys in the account of the signer. To that extent they were genuine instruments binding the signer, and for that reason the Appellate Division has held that the plaintiff's loss is not covered by the policy of insurance. We do not agree with that conclusion.

We assume, though we do not now decide, that the word " forged " as used in the policy bears a meaning no broader than it does in the criminal law of the State. Under the express provisions of the Penal Law of the State, the term " forged " includes " false making, counterfeiting and the alteration, erasure, or obliteration of a genuine instrument, in whole or in part, the false making or counterfeiting of the signature  *  *  *," etc. In the present case we find the depositor, known to the plaintiff bank as George D. Wagner, presenting to that bank, for the purpose of obtaining credit, a paper which purports to be a complete negotiable instrument or check drawn by a third party in favor of the depositor as payee. In fact the paper had, until it was indorsed by the payee and delivered to the bank, no legal inception, for until that time there had been no delivery by the drawer. The bank might accept the paper for what it purported to be; an instrument binding two men, the maker and the payee. It might and did give the payee credit upon the faith of an instrument which on its face constituted an

obligation of a third party. Any person may ordinarily assume any name he desires, but it has never been held that he may with impunity do so in order to defraud others through mistake of identity. Any person may ordinarily sign an instrument under an assumed name, but it has never been held that he may with impunity sign an instrument under an assumed name in order to deceive a person into the belief that the instrument has been signed by some other person. Here the depositor signed an instrument under one name and at the same time he indorsed it in another name. One or both names are assumed, and assumed for the purpose of deceit. Though the paper so signed and indorsed may have the effect of a valid order to pay out of any account standing in the name signed thereto, the paper is not what it purports to be — a complete instrument drawn by one person to the order of another and indorsed by the payee. The act of signing, indorsing and delivering the instrument by one person under pretense that there were two separate identities represented by two separate persons was to that extent a "false making" of the instrument.

Throughout the sections of the Penal Law of this State defining the crime of forgery in its various degrees may be found at least by implication the legislative intent that the crime of forgery includes the subscription or indorsement of an instrument, by any name fictitious or genuine, "under the pretense that such subscription or indorsement is the act of another person of the same name, or of a person not in existence" (section 883) or "purporting to be the act of another." (Penal Law, section 887, subdivision 2.) The meaning of the statutory provisions becomes clearer when they are read in the light of definitions of common-law forgery and the decisions of the courts in this and other jurisdictions.

In such decisions the courts have swept away distinctions based upon the right of a person to the use of the name, genuine or fictitious, signed by him. They have

held that the test of forgery is whether a person has falsely and with purpose to defraud made a writing which purports to be the act of another. " It would be difficult perhaps by a single definition of the crime of forgery to include all possible cases. Forgery, speaking in general terms, is the false making or material alteration of or addition to a written instrument for the purpose of deceit and fraud. It may be the making of a false writing purporting to be that of another." (*Commonwealth* v. *Baldwin*, 77 Mass. 197.) " The falsity of the instrument consists in its purporting to be the note of some party other than the one actually making the signature. The falsity of the act consists in the intent that it shall pass and be received as the note of some other party." (*Commonwealth* v. *Foster*, 114 Mass. 311. See, also, *Adkins* v. *State*, 41 Tex. Cr. 577; *Edwards* v. *State*, 53 Tex. Cr. 50; *Barron* v. *State*, 12 Ga. App. 342; *People* v. *Bendit*, 111 Cal. 274; *State* v. *Wheeler*, 20 Oregon, 192; *State* v. *Young*, 46 N. H. 266; *Goucher* v. *State*, 113 Neb. 352; *Rex* v. *Francis*, Russell & Ryan, 209 [1811]; *Rex* v. *Whiley*, Russell & Ryan, 89 [1805]; *King* v. *Parles & Brown*, 2 Leach C. C. 775.)

In this State it has been repeatedly held that one may commit forgery by the use of one's own name, if that name is used with intent to deceive. (*People's Trust Co.* v. *Smith*, 215 N. Y. 488; *People* v. *Peacock*, 6 Cow. 72; *Graves* v. *American Exchange Bank*, 17 N. Y. 205; *Third National Bank* v. *Merchants National Bank*, 76 Hun, 475.) It is said that these cases have no application to the case under consideration because here the checks, though signed under assumed names, purported to be and were in fact the act of the person known by such name to the banks upon which the checks were drawn. If the purpose of the check had been only to withdraw moneys from the drawer's account in such bank, there would have been no forgery. They would for such purpose have been the act of the person whose act they purported to

be. Even though the name which was signed might originally have been assumed with other fraudulent purpose, the instrument would still not be false or forged if in fact it was made by the person who purported and was understood to be the maker. (See *Hartford* v. *Greenwich Bank*, 157 App. Div. 448; affd., 215 N. Y. 726, on opinion below; *Strang* v. *Westchester County National Bank*, 235 N. Y. 68.) In *Dunn's Case* (1 Leach C. C. 59) it was said and again repeated in *Queen* v. *Martin* (5 Q. B. D. 34) that " In all forgeries the instrument supposed to be forged must be a false instrument in itself; and that if a person give a note *entirely as his own*, his subscribing it by a fictitious name will not make it a forgery, *the credit there being wholly given to himself, without any regard to the name, or any relation to a third person*" (italics are ours). Here the check was made by the plaintiff's depositor not as his own but as the act of a third party. Credit was not given wholly to himself but upon the faith of an instrument purporting to be that of a third party. Through the assumption by the depositor of two names, the plaintiff bank was led to believe that the check was what it purported to be: an instrument drawn by one person in favor of another. The instrument was falsely made, for it purported to bind a person other than the person who made it. It was, therefore, a forgery under the common law and under the statutes of this State.

The judgment of the Appellate Division should, therefore, be reversed and the determination of the Appellate Term affirmed, with costs in this court and in the Appellate Division.

Cardozo, Ch. J., Pound, Crane, Andrews, Kellogg and O'Brien, JJ., concur.

Judgment accordingly.