[Civ. No. 10156. First Appellate District, Division Two.—August 6, 1936.]

LELAND W. CUTLER et al., Respondents, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

Thomas E. Davis for Appellant.

Williamson & Wallace and Richard P. Norton for Respondents.

SPENCE, J.—Plaintiffs brought this action to recover indemnity under a ''Depositor's Forgery Policy''. The cause was tried before the court upon an agreed statement

of facts. Plaintiffs had judgment and from said judgment defendant appeals.

The policy issued by appellant to respondents provided indemnity ''against any losses . . . which may be sustained through the payment . . . by the insured . . . or by any such bank : . . . Of any check . . . upon which the signature of any endorser thereof shall have been forged. . . . '' Respondents were doing business as Brayton, Douglass & Co., a copartnership, and carried a payroll account with the American Trust Company. The signature card authorized the signing of checks on behalf of the copartnership by any one of the following-named persons : Earl S. Douglass, Harold Brayton and B. H. de Frece. Said B. H. de Frece, an employee of respondents, drew seven separate checks at various times, which checks were in the aggregate sum of $4,200. Each of said checks was executed by said employee on behalf of the copartnership and was made payable to Earl S. Douglass. It is conceded that each of these checks was executed by said employee with the intention of endorsing the name of Earl S. Douglass thereon, cashing the check and converting the proceeds to his own use. This was done in each instance without the knowledge or consent of said Earl S. Douglass or any other respondent. Each check purported · to bear the endorsement of Earl S. Douglass and B. H. de Frece and was cashed by the bank upon presentation by said B. H. de Frece.

The sole question presented on this appeal is whether the loss sustained by respondents on each check was a loss sustained by payment of a check upon which the signature of an endorser thereof had been ''forged'' within the meaning of the policy. Appellant contends that it was not, but we find no merit in this contention. No authority directly in point has been called to our attention, but in our opinion the unauthorized act of the employee in signing the name of Earl S. Douglass as an endorser with intent to defraud was sufficient to make that endorsement a ''forged'' endorsement within the ordinary and generally accepted meaning of that term. Furthermore, the employee's act in so doing made him guilty of the crime of ''forgery'' as defined by statute. (Pen. Code, sec. 470; *People* v. *Jones,* 12 Cal. App. 129 [106 Pac. 724]; *People* v. *Bernard,* 21 Cal. App. 56 [130 Pac. 1063]; *People* v. *Whitaker,* 68 Cal.

App. 7 [228 Pac. 376].) It thus appears that the endorsement was "forged" within both the ordinary meaning and statutory definition of that term and there is nothing to indicate that said term was used in any narrower sense in the policy in question. The only authorities called to our attention, in which policies using the word "forged" have been dealt with, lend support to the views which we have expressed. (*International Union Bank* v. *National Surety Co.*, 245 N. Y. 368 [157 N. E. 69, 52 A. L. R. 1375]; *Manufacturers' & Traders' Trust Co.* v. *G. J. Meyer Malt & Grain Corp.*, 132 Misc. 138 [229 N. Y. Supp. 615].)

Appellant cites and relies upon *Goodyear Tire & Rubber Co.* v. *Wells Fargo Bank & Union Trust Co.*, 1 Cal. App. (2d) 694 [37 Pac. (2d) 483], *Ryan* v. *Bank of Italy Nat. T. & Sav. Assn.*, 106 Cal. App. 690 [289 Pac. 863], and *Defiance Lumber Co.* v. *Bank of California*, 180 Wash. 533 [41 Pac. (2d) 135, 99 A. L. R. 426]. We find none of these cases in point. Each involved an action by a depositor against a bank and, under the facts presented, it was held that the depositor rather than the bank should bear the loss. No question of the rights of a depositor under a policy was involved in any of said cases. In the last cited case the court quoted with approval from Brady on Bank Checks, page 275, where it was said, "In these cases the endorsement cannot be regarded as a forgery so as to render the drawee liable to the drawer because the drawer intends the check to be endorsed and negotiated or collected by the person with whom he deals and to whom he delivers the check." In so far as it is indicated in any of said decisions that there was no forgery at all, the language to that effect was unnecessary to the decision. Under the stipulated facts before us the employee was guilty of forgery and the loss sustained by respondents was a loss covered by the policy.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.