### FIRST NATIONAL BANK OF LANCASTER, Texas, Appellant,

v.

### GLENS FALLS INSURANCE COMPANY, Appellee.

No. 3677.

Court of Civil Appeals of Texas.

Waco.

Nov. 5, 1959.

Rehearing Denied Nov. 25, 1959.

Jonathan H. Allen, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

WILSON, Justice.

Appellant appeals from an adverse summary judgment in an action on a banker's blanket bond issued by appellee. The coverage declared on is against "any loss of property through * * * false pretenses * * * whether effected with or without negligence on the part of any of the employees." Indemnity against loss by forgery, originally provided by the bond, was deleted by endorsement. The bond expressly excludes "any loss effected directly or indirectly by means of forgery." Appellant says the exclusion is not applicable.

The bank relies on affidavits of its teller and officer stating that a person falsely pretending to be Lee M. Foster appeared at

the window at closing time, falsely stating he was a local contractor with an account at the bank; that he presented a deposit slip listing checks payable to Lee M. Foster totalling $3,648; that the deposit was accepted and the teller paid him $2,000 which he stated he needed for his payroll. "Fearing the bank had been the victim of this person's false pretenses, we immediately checked with some of the persons whose names appeared on the checks and were advised the checks were not drawn by them." The checks were "not sent through for collection after it was determined they were apparently forgeries * * * which would have been futile." Appellant pleaded that the checks were not drawn or signed by the persons whose names purportedly appeared thereon.

Whether appellant's loss in the amount it advanced under these circumstances was "effected directly or indirectly by means of forgery," so as to be excluded, is not clearly answered by the terms of the bond. "Forgery" is not defined. An interpretation of this term should be consistently applicable to a bank in a case in which it might seek to recover under the forgery coverage of a blanket bond, and to the insurer where it relies on a forgery exclusion.

Appellant says the exclusion is not available because there is no showing that the checks, though worthless, were forgeries. The contention is that it is not shown they were initially drawn without lawful authority, one of the elements of forgery under Vernon's Ann.Tex.Pen.Code, Art. 979. Since the question is of first impression in Texas, we have searched for applicable authorities.

The most recent case is Rockland-Atlas Nat'l Bank v. Massachusetts B. & I. Co., Mass.1959, 157 N.E.2d 239, 242. The bond form is identical with this, (which is also "Standard Form No. 24") containing the same indemnity and exclusion provision. After holding it was not necessary that the loss be exclusively by forgery, and that

forgery was a common law crime, the court decided that the exclusion was not limited "to those acts which may come within a statutory definition of forgery." It was further held that "forgery" for the purposes of the indemnity clause has the same broad meaning as in the forgery exclusion.

In Dexter Horton Nat. Bank v. United States F. & G. Co., 149 Wash. 343, 270 P. 799, 801, the Washington Supreme Court held the technical rules of a criminal prosecution are not applicable, and the word "forgery," when contained in a banker's blanket bond "shall be deemed to have been used in their general and popular sense rather than with specific reference to some statutory definition." The same holding was made in Cutler v. Fidelity & Deposit Co. of Maryland, 1936, 15 Cal.App.2d 759, 60 P.2d 150. In International Union Bank v. National Surety Co., 245 N.Y. 368, 157 N.E. 269, 271, 52 A.L.R. 1375, the court, while not deciding the relationship of the term to the state penal statutes, applied the common law definition and general test, "whether a person has falsely and with purpose to defraud made a writing which purports to be the act of another." The same court, while Benjamin N. Cardozo was Chief Justice, said the definition of the New York statute "may be widened, in accordance with common-law analogies." World Exchange Bank v. Commercial Cas. Ins. Co., 255 N.Y. 1, 173 N.E. 902, 904.

Our own courts, construing the term "embezzlement" in a fidelity bond, have held it was not a prerequisite to coverage that the offending party "be technically and criminally guilty of the offenses named in the bond" or "that a criminal prosecution could have been successfully maintained." Fidelity & Deposit Co. v. Central State Bank, Tex.Civ.App., 12 S.W.2d 611, 612; Massachusetts Bonding & Ins. Co. v. Texas Finance Corp., Tex.Civ.App., 258 S.W. 250, 253; Hartford Acc. & Ind. Co. v. Wichita Laundry Co., Tex.Civ.App., 23 S.W.2d 765, 767.

We find no decision by an appellate court which has required every element of the statutory offense of forgery as a prerequisite to recovery or defense under the terms of the bond, and we cannot logically determine this was the intent.

Here, even applying elements in the code, someone, "with intent to injure or defraud," made a "false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would have created a pecuniary obligation." This act "directly or indirectly effected" appellant's loss. Appellant's affidavit that it determined the checks were apparently forgeries; that it would have been futile to run them through for collection, and that they were "retained as evidence against the false pretender"—together with its pleading that the checks were not drawn or signed by the persons whose names purportedly appeared thereon—under the undisputed facts, made the exclusion effective and the case a proper one for the summary judgment rendered. Other questions presented become immaterial. Affirmed.