Per Curiam.

The main action is brought against a collecting bank by one of two payees on a check charging that his indorsement was forged. It is alleged that the bank paid the proceeds of the check to the other payee who had indorsed it, but above the alleged forgery.
The Statute of Limitations has not run in the main action against the collecting bank since it was commenced within six years (Civ. Prac. Act, § 48, subd. 1; Henderson v. Lincoln Rochester Trust Co., 303 N. Y. 27).
However, defendant bank does not have a right to indemnity based simply on the fact that a claim is made against it, which is all that is alleged. Absent any wrongdoing on the part of the third-party defendant (and none is alleged in the main complaint), or a contract to indemnify or a guarantee of the questioned indorsement or the like, there is no substantive right to recover over.
Defendant bank urges on appeal that its third-party complaint sounds in fraud, and, therefore, that the six-year Statute of Limitations on its claim over does not start to run until discovery of the facts constituting the fraud (Civ. Prac. Act, § 48, subd. 5; Ectore Realty Co. v. Manufacturers Trust Co., 250 App. Div. 314). The difficulty with this contention is that the chai *578 lenged pleading does not allege the elements of a cause of action in fraud. Although forgery is a species of fraud (24 N. Y. Jur., Fraud and Deceit, § 27; International Union Bank v. National Sur. Co., 245 N. Y. 368), the third-party defendant should not be required to speculate as to the basis upon which a recovery over is sought against her. In the circumstances here, defendant bank should be permitted to plead over against the third-party defendant on .the theory upon which it purports to rely.
The order should be unanimously reversed, without costs, and motion to dismiss third-party complaint granted, with leave to third-party plaintiff to serve an amended third-party complaint within 20 days after service of a copy of the order hereon.
Concur — Gulotta, Pette and Groat, JJ.
Order reversed, etc.