**1008**

■ · The People of the State of New York, Appellant, v. Daniel G. Sansanese, Respondent.— Order unanimously reversed on the law, motion denied, and indictments reinstated. Memorandum: An examination of the Grand Jury minutes shows that defendant used a fictitious name with intent to deceive and defraud, purporting to be the act of another person, in procuring an operator's license. This was sufficient to sustain the indictments charging defendant with forgery. (*International Union Bank* v. *National Sur. Co.*, 245 N. Y. 368.) The minutes also show that he filed a false and forged application for a license, thereby obtaining the signature of the Commissioner of Motor Vehicles on the license, all in violation of provisions of the Penal Law of the State of New York as well as section 392 of the Vehicle and Traffic Law. (See *Matter of Sabel* v. *Hults*, 9 N Y 2d 987; *People* v. *Sullivan*, 275 App. Div. 956, affd. 300 N. Y. 696, cert. den. 340 U. S. 815; *People* v. *Manzer*, 1 A D 2d 750.) (Appeal by People from order of Erie County Court dismissing four indictments charging defendant with obtaining property by false pretense (Penal Law, § 932), offering false or forged instruments to be filed (Penal Law, § 2051), forgery, second degree, and forgery, second degree.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ James M. Briarton, Individually and as Supervisor of the 4th Ward, in the City of Rochester, et al., Appellants, v. Henry E. Gillette et al., Respondents.— Motion to place case on the January 1965 Calendar denied. Memorandum: This case is now on the December Calendar. The attorney for the appellants has agreed to submit the case upon his brief without oral argument if the case remains on the December Calendar. The Assistant Corporation Counsel in charge of the case says he cannot argue at that term. If the Corporation Counsel's office cannot produce an attorney to argue the case in its regular order, it shall be deemed submitted upon the briefs of both parties without oral argument. If a member of the Corporation Counsel's office will be present to argue, then the appellants may also argue. In any event the case shall remain on the December Calendar.

■ Hedges Brothers Company, Inc., Respondent-Appellant, v. State of New York, Appellant-Respondent.— Motions to dismiss appeals denied. Memorandum: We determine that it is the obligation of the State of New York, defendant-appellant-respondent, to serve and file its record and briefs or any proposed transcript or appendix, in the first instance.