THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST KLEIN, Appellant.

Second Department, April 19, 1965.

*Michael I. Winter* for appellant.

*Frank D. O'Connor, District Attorney* (*Eileen M. Thornton* of counsel), for respondent.

HOPKINS, J. Defendant, a licensed physician, has been convicted of 10 counts of forgery in the third degree for having falsely made and uttered five prescriptions in violation of section 889-b of the Penal Law which provides that: "A person who shall falsely make, alter, forge or counterfeit a doctor's prescription, or utter the same, shall be guilty of forgery in the third degree."

Each of the prescription forms at bar sets forth the defendant's name, address, telephone and narcotic registry numbers,

and blank lines for the addition of the name and address of the patient for whom the prescription is ostensibly written. On four of these forms defendant inscribed the name and address of a deceased patient and, on the fifth, defendant inscribed a fictitious patient's name. Each prescription form, signed by the defendant, called for the dispensing of a narcotic drug. He thereafter presented the five prescriptions at various pharmacies in Queens County, received the narcotic drugs prescribed, and transmitted or administered the drugs to an addict whose identity, as the recipient of the drugs, defendant intended to conceal.

Defendant argues that, notwithstanding his deceptive purpose in writing the names of deceased or fictitious patients, the prescriptions could not have been falsely made since he in fact executed them. He characterizes his writing of false names as only the making of false statements of fact, and he contends that writings containing false statements of fact are not forgeries. He further contends that the purpose of section 889-b of the Penal Law is to discourage the forgery of doctor's prescriptions by persons who are not licensed physicians. Because the statute's unambiguous language and plain purpose do not require that it be so narrowly construed, we consider only whether the prescriptions at bar were falsely made.

A prescription is a physician's written order for the preparation and use of a medicine by a patient (Webster's Unabridged Dictionary [3d ed.]; Public Health Law, § 3301, subds. 31, 32). If on his prescription form a physician inscribes the name of a person other than the person for whom the prescription is in fact written, the prescription cannot be said to be genuine. In its character as a prescription, it does not represent the reality of which it purports to be an embodiment. Thus, a physician's inscription of a deceased or fictitious patient's name on his prescription form constitutes more than the making of a false statement of fact. If he so executes his prescription form in order to defraud, his conduct falls within the interdiction of the statute (Penal Law, § 889-b). He has contrived a counterfeit document, valid on its face and having legal effect, for the purpose of defrauding another (*United States* v. *Tommasello,* 160 F. 2d 348; see *International Union Bank* v. *National Sur. Co.,* 245 N. Y. 368, 372; *People* v. *Filkin,* 83 App. Div. 589, affd. 176 N. Y. 548; 2 Wharton, Criminal Law [1957], §§ 628, 634; 2 Bishop, Criminal Law [9th ed.], §§ 584, 585; 23 Am. Jur., Forgery, § 8).

The judgment of conviction should therefore be affirmed.

SAMUEL RABIN, J. (dissenting). The question raised on this appeal, which appears to be one of novel impression, is whether it is a violation of section 889-b of the Penal Law for a duly licensed physician to write and utter a prescription which names one person as his patient although the drugs prescribed are intended to be used by another person and are in fact so used.

The defendant has been convicted of 10 counts of forgery in the third degree for having falsely made and uttered five prescriptions in violation of the said section. The section provides that: " A person who shall falsely make, alter, forge or counterfeit a doctor's prescription, or utter the same, shall be guilty of forgery in the third degree " (Penal Law, § 889-b).

Defendant contends that the prescriptions, purporting to be for the persons named therein but not actually intended for them, were not falsely made, altered, forged or counterfeited within the interdiction of the quoted section. I find merit in this contention.

It is, of course, axiomatic that penal statutes are to be strictly construed against the party seeking their enforcement and in favor of the accused (*People* v. *Shapiro,* 4 N Y 2d 597, 601). The legislative history of this statute (Penal Law, § 889-b) indicates that the purpose of its enactment was to discourage the forging of doctors' prescriptions by unauthorized persons who are not duly licensed physicians.

In my opinion, the statute was not intended either to regulate the contents of a prescription issued by a duly licensed physician or to render such physician punishable as a forger or counterfeiter by virtue of the falsity of a statement contained therein. Support for this conclusion may be found in the provisions of article 33 of the Public Health Law, particularly section 3351 thereof. Such section provides, *inter alia,* that: " No person shall * * * (b) wilfully make a false statement in any prescription, order, report or record required by this article ". Hence the defendant should have been charged and tried for violating the provisons of article 33 of the Public Health Law rather than section 889-b of the Penal Law (cf. *Matter of Grossman* v. *Hilleboe,* 16 A D 2d 893).

There is an additional persuasive reason why the judgment should be reversed and the indictment dismissed. Notwithstanding the holding in *United States* v. *Tommasello* (160 F. 2d 348) relied on by the majority, the prescriptions written by the defendant here do not meet the test of forgery laid down by our Court of Appeals in *International Union Bank* v. *National Sur. Co.* (245 N. Y. 368, 373). In that case the court held: " that the test of forgery is whether a person has falsely and with

purpose to defraud made a writing which purports to be the act of another;" that the "' falsity of the instrument consists in its purporting to be the note of some party other than the one actually making the signature;'" and that the "' falsity of the act consists in the intent that it shall pass and be received as the note of some other party ' ''".

Since the prescriptions here were signed by the defendant doctor in his own name and were intended to be and were in fact prescriptions issued by him, they cannot be deemed to be forgeries within the meaning of this statute (Penal Law, § 889-b). It would clearly appear that the wrongdoer sought to be reached by the statute is — not the doctor himself — but rather the one who impersonates the doctor by the use of the doctor's name and prescription or by the unauthorized alteration of the prescription as written by the doctor.

In my opinion, the " statute's unambiguous language and plain purpose " do not require that it be *broadly* construed, contrary to the principle which requires the strict construction of penal statutes.

BELDOCK, P. J., BRENNAN and BENJAMIN, JJ., concur with HOPKINS, J.; SAMUEL RABIN, J., dissents in opinion.

Judgment affirmed.