McCabe Hanger Manufacturing Company, Respondent,
*v.* Chelsea Exchange Bank, Appellant.

First Department, May 31, 1918.

**Bills and notes — authority of officer of corporation to indorse and deposit checks — when indorsement not forgery, although check was wrongfully diverted by officer of corporation — when subsequent holder in good faith not liable for conversion.**

A secretary and bookkeeper of a corporation who had authority to make bank deposits by stamping the name of the corporation upon the checks and depositing them to the credit of the corporation, did not make a forged indorsement where, having used the stamp, he wrote his own name as secretary and cashed a check with a third person who afterwards deposited it in his private bank account.

The unauthorized diversion of the check by the secretary of the corporation did not make his indorsement a forgery, nor render the bank with which the check was subsequently deposited guilty of conversion, if it took the same without notice of the diversion.

Appeal by the defendant, Chelsea Exchange Bank, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of November, 1917, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, dismissing the complaint.

*W. W. Shaw* of counsel [*Shaw, Fisk & Shaw*, attorneys], for the appellant.

*Allen S. Wrenn* of counsel [*Gregory, Stewart & Wrenn*, attorneys], for the respondent.

Page, J.:

The action was brought against the defendant bank for the conversion of a check. The Bellis Wire Works being indebted to the plaintiff in the sum of forty-two dollars and forty-three cents mailed to the plaintiff its check for that amount upon a Brooklyn bank, which the plaintiff received in the due course of the mails. One Nohel, the secretary and bookkeeper of the plaintiff, had authority to make up

the bank deposits and to stamp the name of the plaintiff upon the back of checks for deposit and deposit them in the bank to the credit of plaintiff. In this instance he stamped the plaintiff's name on the back of the check, wrote his name, to which he added the word " secretary," and cashed the check with one Berger. Berger indorsed the check and deposited the same with the defendant, with whom he had a regular deposit account. The defendant collected the check, placed the proceeds to the credit of Berger who about three months thereafter withdrew all his money from the defendant and closed his account. Four months after Berger had closed his account with the defendant the plaintiff notified the defendant that it claimed the indorsement was a forgery and demanded payment of the amount of the check.

 . There is no evidence in this case that the rubber stamp used by Nohel in the instant case was not the stamp which he was authorized to use and regularly used when indorsing checks for deposit. Nohel had authority to indorse the check in the manner in which he did; the indorsement, therefore, was not a forgery. He had no power to do anything with the check except to deposit it in the bank to the credit of the plaintiff. His unauthorized diversion of the check did not make his original indorsement a forgery, nor render a subsequent holder liable who took it without notice of the diversion. (*Salen* v. *Bank of State of New York,* 110 App. Div. 636; *Cluett* v. *Couture,* 140 id. 830; affd., 206 N. Y. 668.) In the cases relied upon by the Appellate Term the original indorsements were forgeries. In *Moch Co.* v. *Security Bank, Nos. 1 & 2* (176 App. Div. 842) the president of the plaintiff, who indorsed the checks payable to the corporation and deposited them to his own credit, had no authority to indorse the checks for any purpose. In *Standard Steam Specialty Company* v. *Corn Exchange Bank* (220 N. Y. 478) the stenographer was only authorized to stamp upon the back of the checks with a rubber stamp which read " Pay to the order of the Greenwich Bank. The Standard Specialty Co.," to which she could add the name and title of the treasurer; she wrote an indorsement " Standard Steam Specialty Company, Percy H. Pinder, Treasurer," and cashed the checks. The court held that her authority was limited to use the particular

stamp and that she had no authority to indorse the checks in blank; hence the indorsement was a forgery. These cases are clearly distinguishable from the instant case.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court affirmed, with costs of the appeals in this court and the Appellate Term to the defendant.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Determination reversed, with costs, and judgment of Munipal Court affirmed, with costs.