## OQUENDO v. FEDERAL RESERVE BANK OF NEW YORK et al:

No. 366.

Circuit Court of Appeals, Second Circuit. July 29, 1938.

Benjamin A. Wilder, of Brooklyn, N. Y. (Michael M. Platzman, of New York City, of counsel), for appellant.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Ralph M. Carson, Francis W. Phillips, and S. Hazard Gillespie, Jr., all of New York City, of counsel), for appellee Federal Reserve Bank of New York.

White & Case, of New York City (Chester Bordeau, Winslow M. Lovejoy, and William J. Killoran, all of New York City, of counsel), for appellee Midwood Trust Co.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

By this action Belen Oquendo seeks to recover the value of a check for $13,933.67 payable to her order and drawn on the Treasurer of the United States. The check was dated March 7, 1931 and was sent to her by mail in care of her attorney, I. A. Rabinow. Upon the back of the check was printed the following restriction with re-spect to endorsement: "This check must be indorsed by the payee or his attorney in fact if accompanied by a special power of attorney on Treasury Department form No.' 2 MC. A general power of attorney will not be recognized." The check represented payment of an award made by the Mixed Claims Commission, United States and Germany, upon a claim filed by Mrs. Oquendo on account of the death of her husband during the World War.* Rabinow had been employed by her to handle her claim, and she had executed a very broad power of attorney authorizing him not only to prosecute the claim before the Mixed Claims Commission but also "to receive and receipt for any amount or indemnity which may be recovered on said claim, and indorse any check or other medium of payment, * * hereby ratifying or confirming all that my said attorney or his substitute shall lawfully do or cause to be done by virtue hereof." The said check was promptly deposited by Rabinow with Midwood Trust Company for credit to an account maintained by him in the name of "I. A. Rabinow, Atty." It bore an endorsement of the plaintiff's name, and below her name he wrote, "I. A. Rabinow, Atty." Midwood Trust Company endorsed the check to Federal Reserve Bank of New York for clearance, and the latter presented it for payment to the Treasurer of the United States, by whom it was paid on March 9, 1931. The proceeds of the check were credited by the Federal Reserve Bank to the account of Midwood Trust Company, which in turn credited them to the account of Rabinow, who subsequently withdrew them. Alleging that the purported endorsement of her name upon the check was unauthorized and a forgery, Mrs. Oquendo, in 1935, brought an action in conversion in a state court against Rabinow, the two banks through which the check passed, and Manufacturers Trust Company. The action was removed to the district court, where it was discontinued against Manufacturers Trust Company but proceeded to trial before Judge Campbell and a jury against the remaining defendants. At the close of the plaintiff's case, each defendant moved to dismiss the complaint. Rabinow's motion was denied; a severance was ordered as to the banks, and their motions were granted. Pursuant to these rul-

---

* As guardian of her three minor children she received additional awards of $3,000, plus interest from November 1, 1923, for each child, but these awards were paid by separate checks which are only incidentally involved in the present action.

ings judgments were entered in favor of Midwood Trust Company and the Federal Reserve Bank respectively, from which the plaintiff has appealed.

Upon the trial the plaintiff proved the facts above stated with respect to the check in suit, and testified that although her name on the back of the check resembled her signature, she had not written it. Since the complaint was dismissed without submission to the jury, everything must be taken in her favor and we must assume that the jury would have found that the endorsement was not made by her. But that fact alone is not sufficient to establish forgery. She must also show that her name was written without authority. Sec. 42, N.Y. Negotiable Instruments Law, Consol.Laws, c. 38; see Seaboard Nat. Bank v. Bank of America, 193 N.Y. 26, 30, 85 N.E. 829, 22 L.R.A.,N.S., 499. The record does not disclose who did sign the plaintiff's name. However, it must have been done either by Rabinow himself or by some one whose act he ratified and adopted by writing his name under the purported endorsement and by depositing the check in his account with the Midwood Trust Company. In either event Rabinow acted pursuant to the authority conferred upon him by his power of attorney. Although Mrs. Oquendo was an illiterate woman who could not read English, no testimony was offered that she was deceived as to the contents of the power of attorney and she must be bound by its terms. See Pimpinello v. Swift & Co., 253 N.Y. 159, 162, 170 N.E. 530; Metzger v. Aetna Ins. Co., 227 N.Y. 411, 416, 125 N.E. 814.

The appellant makes much of the fact that Mrs. Oquendo's signature was simulated, but we think such fact immaterial. Kiekhoeffer v. United States Nat. Bank of Los Angeles, 2 Cal.2d 98, 39 P.2d 807, 96 A.L.R. 1244. Her attorney had power to endorse her name, either by his own hand or by adopting the hand of another. Am. L.Inst.Agency § 78. It was not necessary for him to sign "per pro."; section 38 of the New York Negotiable Instruments Act provides that "The signature of any party may be made by a duly authorized agent." See Youngs v. Perry, 42 App.Div. 247, 59 N.Y.S. 19.

The appellant further argues that the Treasurer's regulation requiring a special power of attorney precluded Rabinow from acting under his general power, and makes inapplicable the ordinary rules of law. We think not. The Treasurer's regulation could not revoke the authority conferred on Rabinow to sign his principal's name; it could not convert into a forgery an endorsement which she had authorized. It is true, the Treasurer might refuse to honor such an endorsement, and require the payee of the check to comply with his regulation. But the requirement was made for the protection of the Treasury and could be waived by it, as it was by payment of the check. Regardless of this fact, the Treasury regulation did not destroy Rabinow's authority to endorse the check on behalf of his principal, and his exercise of that authority passed title to the innocent banks that made collection.

Finally, the appellant contends that in collecting the proceeds of the check Rabinow was carrying out a scheme to defraud her and therefore his endorsement of her name was unauthorized, since it was not made to further her interests. From March 7th, when he deposited Mrs. Oquendo's check, a balance greater than the amount of that check was maintained in Rabinow's account in the Midwood Trust Company until the close of business on March 11th. If it be inferred that on March 12th, when the account was reduced below that amount, he had the intention not to account to her for the proceeds of the check, this is but slight evidence that the same intention existed on March 7th. On that date he had express authority to endorse the check and receive its proceeds, and for all that appears he may then have been acting in her interest. But even if it be assumed that the jury would have been justified in finding that he was then carrying out a scheme to defraud the plaintiff, we cannot agree with the plaintiff's contention that this would terminate his authority and render the endorsement a forgery. In Michie, Banks & Banking, Vol. 5, p. 166, it is stated: "An attorney, with authority to make alteration in or indorse a check as attorney for a client, has authority to deposit the proceeds either to his individual account or to his account as attorney. Where an attorney deposits money in a bank in his name as attorney, the same relation exists between him and the bank as between it and any other general depositor; the relation of trust between the attorney and his client does not pass to or charge the bank as trustee of the client in respect to the money so deposited; hence the bank is liable to pay

the money so deposited to the attorney or on his check without liability to the true owner, it having no notice of the attorney's intended misappropriation." See also Kiekhoeffer v. United States Nat. Bank of Los Angeles, 2 Cal.2d 98, 39 P.2d 807, 96 A.L.R. 1244; Cluett v. Couture, 140 App.Div. 830, 125 N.Y.S. 813, affirmed, 206 N.Y. 668, 99 N.E. 1105; McCabe Hanger Mfg. Co. v. Chelsea Exchange Bank, 183 App.Div. 441, 170 N.Y.S. 759.

Because Rabinow was authorized by his power of attorney to endorse and deposit the check, the plaintiff failed to prove conversion by the appellees and there were no issues of fact for submission to the jury as against them. The appellees have advanced several additional grounds for supporting the judgments, but the merits of such contentions it is unnecessary to consider. On the ground above stated the judgments are affirmed.