CAMPBELL TRUCKING CORP., Plaintiff, *v.* PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff. CALVIN V. HAWKINS, Third-Party Defendant.

Supreme Court, Trial Term, New York County, June 25, 1951.

*Maurice & McNamee* for plaintiff.

*Moses & Singer* for defendant and third-party plaintiff.

*John Edward Buck* for third-party defendant.

BREITEL, J. Depositor sues its bank for conversion and failure to credit to its account with reference to the proceeds of a check drawn by another payable to it. The bank interposes a third-party complaint against depositor's former employee who presented the check to the bank. The action was tried by the court without a jury.

Depositor's employee received the check to deposit in the bank. He concededly took the check and delivered it to the bank. At the bank he indorsed the depositor's corporate name in

blank. He claims that he delivered it with a properly filled in deposit ticket. The bank claims it cashed the check upon presentation with the added indorsement of the employee's name and the " O.K." by the bank's assistant manager. The assistant manager doubts that he o.k.'d the check although the words " O.K. for cash " and his initials look as if they were in his writing. Depositor's employee disclaims the indorsement of his name on the back of the check.

The employee, who had been employed by depositor for a few months as a bookkeeper, filing clerk, and typist, had the duty of making deposits for depositor, a corporation. In that connection he was required to use a rubber stamp on checks deposited for collection which in usual form recited that the item was " for deposit ". He was authorized when he had neglected or forgotten to use the rubber stamp to make an indorsement on behalf of the corporation in his own hand, but only with respect to items for deposit. The employee also had the duty of preparing weekly payrolls and cashing the payroll checks at the bank. These were made payable to payroll and were indorsed by a superior employee known to the bank.

The circumstances in the case with reference to the deposit of the $3,000 item from Midway Trucking, Inc., an affiliate of depositor, to the account of the depositor, the tampering with the depositor's pass book, and the entries in the book of accounts are indicative that one or another employee of depositor was involved in the larceny of the check proceeds. This being so the question is raised sharply whether the bank was entitled to pay out the proceeds of the check by way of cashing on the basis of the indorsements that it bore.

Depositor's corporate resolution on file with the bank authorized either of two named officers to " sign, make, draw, cash, collect, negotiate, endorse and/or deposit " negotiable paper. The employee had restricted authority to indorse items for deposit by rubber stamp, or upon its unavailability, by hand. He had no authority to indorse or " o.k." checks for cashing even payroll checks, which were indorsed by his superior.

A leading case in this area is *Standard Steam Specialty Co.* v. *Corn Exch. Bank* (220 N. Y. 478). There it was held, in a situation very similar to this, that where an employee had no authority to indorse the corporate name in blank, but only to use a rubber stamp, a handwritten blank indorsement of the corporate name was a forgery and that the cashing of a check upon such an indorsement entitled the depositor to recover

from the bank. The court said, however, that if the depositor had authorized its employee to make such indorsements, even if only for deposit, only the employee would be guilty of a breach of faith and the bank would not be liable. In saying this, however, the court went further and stated that this would be so '' unless it might be said, if the question were raised, that the form of the checks indicated a method of doing business by plaintiff so far out of harmony with the custom of corporations of sufficient consequence to carry a bank account as to warn defendant that the checks had been diverted from the usual business channels.'' (P. 481.)

That further question is raised here. Only either of two named officers were authorized to sign checks drawn on the depositor's account. Payroll checks bore such requisite signature. When the depositor's own checks were being cashed they bore, in addition to the signature of an authorized officer (as drawer), the indorsement of an employee superior to the bookkeeper involved in this instance. The indorsement here in blank of the corporate name, without the addition of the name of a corporate officer authorized to sign checks or to indorse paper, as well as the absence of the superior employee's indorsement was a clear indication that this check was not being handled in regular fashion and to warn the bank that it was being diverted. The assistant bank manager whose genuine or forged initials appear on the back of the check, and the bank manager both testified that they would not wittingly cash such a check or approve its cashing.

There is another circumstance that put the bank on notice. The item delivered to the bank was a check payable to the corporate depositor; it was not the depositor's own check. Such an item is handled for cashing by a bank at its own peril. In the *Standard Steam Specialty Co.* case (*supra,* p. 481) the court said, '' Any person taking checks made payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who '' indorses the same is without authority ''. The case of *Wen Kroy Realty Co.* v. *Public Nat. Bank & Trust Co.* (260 N. Y. 84) is much in point. There a corporate officer authorized to indorse checks and to draw checks on the depositor's account, diverted corporate checks payable to it, by indorsement and deposit in his own accounts. The bank in which the checks were deposited was held liable. In other words, if the checks in the instant case had been presented for cashing by a corporate officer authorized to draw

checks on the corporate account, the bank would have been engaging in a perilous act, if it had cashed the item. The bank manager testified that he would never approve the cashing of such an item if it ran to more than $100 or so in amount. See, also, *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37) on the question of diversion of corporate checks.

The case of *McCabe Hanger Mfg. Co.* v. *Chelsea Exch. Bank* (183 App. Div. 441) cited by the bank, is distinguishable. True, it follows the dictum in the *Standard S. S. Co.* case (*supra*), but it did not involve the proviso in that dictum quoted above. In the *McCabe* case, the employee was authorized to make the unrestricted indorsement, and thereafter he added indorsements that deceived the bank. The deceptive indorsements following a good indorsement relieved the bank of liability. In the instant case the handwritten indorsement, authorized for certain purposes, may have been a good indorsement, so far as it went; but it neither could be, nor was it followed by indorsement genuine or forged, which would justify, without further inquiry, the cashing of the check. Each of the bank employees in their testimony support this view as a matter of commercial banking practice.

Accordingly plaintiff is entitled to recover the amount of the check in the sum of $3,497.84, with interest in the further sum of $426.44. Plaintiff's motions for judgment and to dismiss the affirmative defenses are granted. Defendant bank's motions with respect to the complaint and for judgment against plaintiff are denied.

Concerning the third-party complaint there is a more difficult issue of fact to determine.

If the employee indorsed the check with his own name, after the corporate indorsement in blank, then it is clear he received the check proceeds. The handwriting expert testified that the indorsement was in the same hand as a similar signature on another check, which the employee disputed as a standard. There was no other standard submitted.

It is clear that some employee of the depositor was involved in the larceny. It does not appear that any of the bank personnel was guilty of more than negligence. There were only two employees of the depositor who could have been involved. They are the third-party defendant and his immediate superior. There is little to tie in the superior except the disputed testimony as to who presented the payroll checks for cashing. On that score, it is likely that the bank personnel are relying not upon

live recollections, but upon the indorsements and a desire to cover rather grievous carelessness at the bank. While the third-party defendant's testimony was indefinite as to matters that should have been definite, and it is difficult to accept his disclaimer of observing and questioning the tampering with the depositor's pass book, there is a lack of proof here. On a much disputed issue, the court finds that third-party plaintiff has failed to sustain its burden of proof.

Defendant bank's motion for judgment on the third-party complaint is denied, and the motion of third-party defendant for judgment is granted.

Settle judgment.