ROBERT H. MOORE, Appellant, *v.* GOTHAM BANK, Respondent.

First Department, April 17, 1962.

*Stewart Maurice* of counsel (*Charles R. McNamee, Frank C. Mason, Robert C. La Borde, Jr.,* with him on the brief; *Maher & Mason,* attorneys), for appellant.

*Samuel Mezansky* of counsel (*Harold Henry* with him on the brief; *David Berg,* attorney), for respondent.

MEMORANDUM BY THE COURT. The key issue in this case is whether the plaintiff's employee had authority to stamp the indorsement on the checks which were subsequently deposited in a bank other than that in which the plaintiff had an account. An absence of such authority would render the indorsement a forgery so that the defendant bank could be held liable for the

diverted proceeds of the check (see *McCabe Hanger Mfg. Co.* v. *Chelsea Exch. Bank,* 183 App. Div. 441; Negotiable Instruments Law, § 42). After the plaintiff concluded his case and despiite the fact that the defendant had not yet put in any testimony or rested its case, the court made a finding that there had been authority for the indorsement and thereupon made its decision. The plaintiff, however, testified that no such authority had been given. That testimony put the question of authority in issue and provided the plaintiff with a prima facie case. It was therefore improper for the court to make a finding on the issue of authority at the end of the plaintiff's case and, based upon such finding, to dismiss the complaint.

EAGER, J. (concurring). I concur in the result. I do not agree, however, that the extent of the authority of plaintiff's bookkeeper, Jean Silverstein, is the key issue in the case. Even assuming that the placing of the particular "for deposit" indorsements upon the checks by her was fully authorized, it is my opinion that, nevertheless, the plaintiff did establish a prima facie case.

The rubber stamp indorsement "For Deposit to Account of Robert H. Moore", placed upon the checks here, was a restrictive indorsement. Such indorsement had the effect of giving notice to all parties into whose hands the checks might come that henceforth they were nonnegotiable and that plaintiff retained title to the proceeds of the checks. (*Soma* v. *Handrulis,* 277 N. Y. 223, 232.) The checks continued to remain the property of the plaintiff when, with such indorsement, they were delivered to the defendant bank. (*Soma* v. *Handrulis, supra.*) By virtue of the "for deposit" indorsement, the defendant became merely "an agent for collection and not owner of the item". (Negotiable Instruments Law, § 350-c.) In accepting the checks with this restrictive indorsement, the defendant consented to the agency and became bound by the terms of the indorsement. (*Henderson* v. *Lincoln Rochester Trust Co.,* 303 N. Y. 27.)

By virtue of the "for deposit" indorsements, the authority of the defendant bank was limited to the collecting of the proceeds of the checks and to the depositing of the same to the account of plaintiff. Upon collecting the proceeds, they remained the property of the plaintiff. The defendant, as the collecting bank, "holds money belonging to the owner of the check and becomes a debtor of such owner and of no one else in the absence of a valid indorsement." (*Henderson* v. *Lincoln Rochester Trust Co., supra,* p. 33.) Upon its depositing the proceeds of the check to the account of a third person (plaintiff's

employee Donnell) impersonating the plaintiff, the defendant exceeded its limited authority. This unauthorized deposit constituted a diversion of plaintiff's funds and, prima facie, the bank is liable to plaintiff therefor.

Here, the signature card prepared by Donnell upon his opening of the account and the subsequent checks signed by Donnell in the name of Robert H. Moore, the plaintiff, were in the nature of forgeries. (Penal Law, § 883; *Graves* v. *American Exch. Bank,* 17 N. Y. 205; *International Union Bank* v. *National Sur. Co.,* 245 N. Y. 368, 373; *Cohen* v. *Lincoln Sav. Bank,* 275 N. Y. 399, 405.) The defendant is not automatically entitled to receive credit for payment to another of the funds belonging to plaintiff where based upon such forgeries. "The stringent rules of agency and the arbitrary rules of the law of negotiable paper alike protect the principal from such unauthorized acts." (*Standard Steam Specialty Co.* v. *Corn Exch. Bank,* 220 N. Y. 478, 482.) The responsibility for a loss occurring by reason of the unauthorized payments is legally to be properly placed upon the defendant bank in the absence of a showing of circumstances constituting a defense.

The decision in *McCabe Hanger Mfg. Co.* v. *Chelsea Exch. Bank* (183 App. Div. 441) particularly relied upon by the defendant, is clearly distinguishable, and will not support a judgment for the defendant. The indorsement placed upon the check in that case was not a "for deposit" or other indorsement restrictive in wording, and thus the defendant bank there was not expressly put on notice as to plaintiff's title to the check and interest in the proceeds.

In view of the foregoing, the liability of the defendant here is established prima facie upon the showing that it, without authority, paid over to a third person proceeds of checks which it received as property of and for the benefit of the plaintiff. If it has a defense on theory of estoppel or negligence of the plaintiff, the burden would be upon it to establish the circumstances constituting the defense including good faith and due diligence on its part.

BREITEL, J. P., RABIN, VALENTE and STEUER, JJ., concur in Memorandum; EAGER, J., concurs in opinion.

Judgment unanimously reversed, on the law, and the matter remanded for a new trial, with costs to abide the event.