**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Isaac Edward WYANT, Sr., and Carol M. Wyant, Appellees.**

No. 54839.

Supreme Court of Iowa.

Nov. 11, 1971.

Cosson, Christianson, Hohnbaum & George, Des Moines, for appellant.

Rockwell & Jones, Des Moines, for appellees.

UHLENHOPP, Justice.

This law action tried without a jury involves the ownership of a Chevrolet car. The dispute arises by reason of failure to add "Sr." or "Jr." to the title certificate.

Defendant Isaac Edward Wyant, Sr., and his wife have a son, Isaac Edward Wyant, Jr., who in 1968 was 17 years old. Viewing the evidence in its most favorable light to Wyants, the trial court as trier of the facts could find that the son desired to have a car, but in view of the son's minority, the father desired to have control of the car, to have title to it and insurance on

it in his own name, and to have charge of the sale of it. About Christmas time in 1968, the father bought a 1953-model Ford for the son's use, but took the certificate of title in his own name—Ike E. Wyant, Sr. The father obtained a liability insurance policy on the car from plaintiff State Farm in his own name and for his own protection, and the policy also specifically protected the son as a user. The policy provided that it covered a replacement car if the insured notified the insurer within 30 days after receiving the replacement car.

The son used the Ford car thereafter under those arrangements.

On March 28, 1969, one Dale E. Hayes saw Isaac, Jr., standing beside the Ford by the Wyant home and offered to trade his 1952-model Chevrolet for it "even up." Isaac, Jr., asked his father for permission to make the trade, and the father consented. Hayes took possession of the Ford, and Isaac, Jr., took possession of the Chevrolet.

Isaac, Sr., assigned the title certificate on the Ford to Hayes, signing the assignment "Ike E. Wyant, Sr." Hayes assigned the title certificate on the Chevrolet to "Ike Edward Wyant".

With his father's permission, Isaac, Jr., took the title form on the Chevrolet to the county courthouse, signed "Ike Edward Wyant" on the bottom of it, and obtained a new title certificate in the name of "Isaac Edward Wyant". Isaac, Jr., testified without objection by State Farm that he did not intend to put the Chevrolet in his own name, because it was not his car. Both Isaac, Sr. and Jr. testified without objection by State Auto that Isaac, Sr., owned the Chevrolet.

On April 11, 1969, Isaac, Jr., was driving the Chevrolet when it collided with a car operated by a third person.

On April 13, 1969, Mrs. Isaac Edward Wyant, Sr., reported the collision to State Farm's agent. On the next day she reported to the agent that the Chevrolet had replaced the Ford.

The third person involved in the collision sued Isaac, Sr., and Isaac, Jr., for damages. That lawsuit is pending.

Subsequently State Farm commenced the present separate law action, asking judgment declaring that the Chevrolet was owned by Isaac, Jr., and was not covered by its policy.

After trial, the trial court found as a fact that Isaac, Sr., owned the Chevrolet. The trial court held the policy covered that car. State Farm appealed the case to us.

The answers to two questions determine the appeal: (1) Is ownership of the Chevrolet determined by the Iowa title certificate statute? (2) Is the evidence sufficient to support the trial court's finding as to ownership?

I. *Title Certificate Statute.* The trial court held that ownership of the Chevrolet is to be determined without reference to the title certificate statute because a third-party claim is involved.

The pertinent statutes are §§ 321.45(2) and 321.493, Code, 1971. The relevant portion of § 321.45(2) provides:

§ 321.45(2). No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle or by virtue of a manufacturer's or importer's certificate delivered to him for such vehicle; nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title or manufacturer's or importer's certificate for such vehicle for a valuable consideration except in case of [here follow paragraphs *a, b,*

and *c*, which are not involved in this case, and then:]

*d.* except for the purposes of § 321.493.

Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter.

Section 321.493 provides:

§ 321.493. In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

A person who has made a bona fide sale or transfer of his right, title, or interest in or to a motor vehicle and who has delivered possession of such motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of such motor vehicle by another, but the purchaser or transferee to whom possession was delivered shall be deemed the owner. The provisions of subsection 2 of section 321.45 shall not apply in determining, for the purpose of fixing liability hereunder, whether such sale or transfer was made.

■ Section 321.493, on which the trial court relied, applies between an alleged car owner and a third person when the third person asserts a damage claim against such owner. E. g., State Auto & Cas. Underwriters v. Farm Bureau Mut. Ins. Co., 257 Iowa 56, 131 N.W.2d 265. Section 321.45(2), on the other hand, is the provision which ordinarily applies between an

alleged car owner and his own insurer. E. g., Calhoun v. Farm Bureau Mut. Ins. Co., 255 Iowa 1375, 125 N.W.2d 121. Thus, if an owner of a car sells and delivers it to a buyer, the buyer has a collision with a third person before the title certificate is assigned, and the third person asserts a damage claim against the seller, the seller is permitted to defend on the ground that he is not in fact the owner, by virtue of exception *d* in § 321.45(2) and the provisions of § 321.493. But between the seller and his own insurer, the title certificate controls the question of ownership since none of the exceptions in § 321.45(2) is applicable. State Auto and Calhoun cases, supra. See also Hudson, Iowa Motor Vehicle Certificate of Title Law V, 17 Drake L.Rev. 25, 27, 36.

■ Applying these principles to the case at bar, what conclusion is to be drawn? The Ford car was traded and delivered to Hayes. If Hayes had thereafter been in a collision with a third person before the title certificate to the Ford was assigned and if the third person had sued Isaac, Sr., as owner of the Ford, Isaac, Sr., would have been permitted to defend on the ground that Hayes was in fact the owner, by virtue of § 321.45(2) (d) and § 321.493. But that is not what happened. The Chevrolet was traded and delivered by Hayes, a new title certificate to it was obtained, and then the collision occurred with a third person. The present case is not a dispute with the third person over the ownership of the Chevrolet. In the present case, Isaac, Sr., is contending against his own insurer that he was the owner of the Chevrolet. Under the rule of Calhoun and the plain language of § 321.45(2), the new title certificate controls here. That title certificate is in the name of Isaac Edward Wyant. Who is "Isaac Edward Wyant" on the certificate? That is the question in the case.

■ II. *Sufficiency of Evidence.* The trial court found as a fact that the parties intended Isaac, Sr., to be the owner

of the Chevrolet. Under that finding, the name on the new title certificate means Isaac Edward Wyant, Sr., rather than Isaac Edward Wyant, Jr. A good deal of evidence and some inferences point in that direction. Isaac, Sr., bought and owned the Ford which was exchanged for the Chevrolet. He wanted to have title and control because of the son's minority, and that factor would be as true of the Chevrolet as of the Ford. Both Isaac, Sr., and Isaac, Jr., testified positively that Isaac, Sr., was the owner of the Chevrolet. The trial court could find that Isaac, Jr. had authority to sign his father's name on the new title certificate to the Chevrolet. An agent may simply affix his principal's name to a document without adding his own name. Oquendo v. Federal Reserve Bank of N. Y., 98 F.2d 708 (2d Cir.), cert. den. 305 U.S. 656, 59 S.Ct. 251, 83 L.Ed. 425; First National Bank of Rock Island v. Loyhed, 28 Minn. 396, 398, 10 N.W. 421, 422 (where Judge Mitchell says, "It is competent and proper for an agent to sign simply the principal's name."). We think the trial court could reasonably find that "Isaac Edward Wyant" on the certificate means Isaac Edward Wyant, Sr.

On the other hand, a good deal of evidence was introduced supporting State Farm's claim that Isaac, Jr., was the owner of the Chevrolet. We are frank to say that had we been the fact-finder we might have had considerable difficulty with the fact question of ownership.

State Farm's problem, however, is that the case is here on error, and the evidence "must be construed as a whole in the light most favorable to the judgment of the trial court." Davis v. Knight, 239 Iowa 1338, 1342, 35 N.W.2d 23, 25. We will not overturn a finding of fact in a law case if it is supported by substantial evidence. Rules 334, 344(f) (1), Rules of Civil Procedure. The finding here is so supported and must stand.

Affirmed.

All Justices concur.